CATHERINE LASSITER and others *v.* C. W. WOOD and others.

A will is to be construed not only by its language, but by the condition of the testator's family and estate.

Where a general purpose can be gathered from a will, particular dispositions in conflict therewith, must give way.

(*Bray* v. *Lamb* 2 Dev. Eq. 372, and *Biddle* v. *Carraway*, 6 Jon. Eq. 95 cited and distinguished.)

ACTION to enforce the payment of legacies, tried before *Pool, J.*, at Fall Term 1868 of the Superior Court of PERQUIMANS.

The plaintiffs were some of the legatees and devisees under the will of B. S. Skinner, deceased; and the defendants were the executors, and other devisees and legatees.

Benjamin S. Skinner died in Perquimans county in March

1861, having first made and published his last will and testament, which was duly admitted to probate, and a copy of which was filed as an exhibit to accompany the complaint. The parts of the will necessary to an understanding of the case are as follows:

"Item 3d. I give, devise and bequeath to my son Benjamin S. Skinner, his heirs and assigns, forever, the lands and plantation whereon I now reside, containing, &c. Also one hundred and forty acres, lying, &c. Also one hundred and seventy-nine acres of land on the north east side of Sutton's creek, &c., subject to my wife's privilege of timber and firewood, as named in the first clause of this will. The condition of the gift of the one hundred and forty acre tract, is, that he pay to my son Joshua, the sum of two thousand and five hundred dollars,—he to have one and two years to pay it in without interest."

"Item 4. * * * My son Joshua is to receive from my son Benjamin S. Skinner, the sum of two thousand five hundred dollars, as named in the third item of this will. This I consider due my son Joshua from my son Benjamin, to make up for the inequality in the value of their lands."

"Item 7. I give and bequeath unto my daughters Catherine, Mary, Alethia and Patsy, the sum of ten thousand dollars each, to be paid them out of my estate, also one bed and furniture and one bureau each—the legacy to my daughter Patsy to be paid her when she arrives at the age of eighteen or marries. The advances which I have already made, or may hereafter make to my married daughters, shall be taken as a part of their legacies of ten thousand dollars each, but no interest shall be charged on such advances."

"Item 8. I give, devise and bequeath unto my son-in-law, C. W. Wood, the land and plantation I purchased of T. F. Jones, &c., which I value at six thousand dollars; also one thousand dollars out of my estate to be by him held in trust for the use and benefit of my daughter, Louisa Gilliam. * * The above named tract of land, together with the legacy of one thousand dollars, and the sum of three thousand

dollars which I have already advanced to my son-in-law, Thomas H. Gilliam, makes up the sum of ten thousand dollars, and makes my daughter Louisa's legacies equal to that of her sisters."

"Item 11. After the foregoing legacies and all the expenses attending the settlement of my estate, and carrying out the provisions of this will be paid, I wish all the rest and residue of my property and estate of every kind, to be divided into eight equal shares, my children James L. Skinner, Benjamin S. Skinner, Joshua Skinner, Catharine Lassiter, Mary Wood, Alethia Hoskins, and Patsy Skinner, taking each one share, and the remaining eighth share I give, devise and bequeath unto Charles R. Wood, in trust for my daughter Louisa Gilliam, &c."

By the results of the war, the estate other than the lands devised to the sons, is insufficient to pay the pecuniary legacies of $10,000 each to his four daughters. They, therefore, brought this suit demanding, that an account be taken of the personal estate in the hands of the executors; that the land, not specifically devised to the sons, be sold, and the proceeds applied to the payment of the legacies due the plaintiffs; that, if the legacies be not fully paid from this fund, a division be made charging the real estate devised to the defendants with the payment of the deficiency according to their legal liabilities, and that interest be charged upon the legacies due the plaintiffs.

The defendants answered admitting the allegations of the complaint, submitting to an account of the personal estate, and further submitting to the construction of the will in other respects.

Judgment for the plaintiffs accordingly; from which the defendants prayed and obtained an appeal.

*Smith* and *Bragg*, for the appellants.
*W. A. Moore* and *Gilliam, contra.*

READE, J. The testator had a large estate, consisting

almost altogether of lands and slaves; and he had eight children, five daughters and three sons.

The difficulty in settling the rights of the parties arises out of the altered condition of the testator's estate by reason of the emancipation of the slaves.

It is apparent that the leading purpose of the testator was to make all his children equal. The purpose of the testator as gathered from the will, is always to be carried out by the Court, and minor considerations when they come in the way must yield. Especially is this so, when the purpose is in consonance with justice and natural affection.

The bulk of the testator's land is given to his sons in parcels, and although the land is not valued, yet it appears that he meant to give to each son about the same in value; because he charges the land given to his son Benjamin with $2,500, to be paid to his son Joshua: saying, " this I consider due my son Joshua from my son Benjamin to make up for the inequality in the value of their lands." That he intended to make his daughters equal, appears from the fact, that he gave to each of four $10,000, and to the fifth daughter he gave a tract of land valued at $6,000, and $1,000 in cash, which added to $3,000 that he had advanced to her husband would make her share equal with her sisters. And that he intended to make all, sons and daughters equal, appears from the fact that he directs all the residue of his estate to be equally divided into eight equal parts, giving to each of his children a share.

By reason of the emancipation of the slaves, the estate other than the lands devised to his sons, is insufficient to pay the pecuniary legacies of $10,000 each to his four daughters, and the main question is, whether the pecuniary legacies are a charge upon the real estate specifically devised. If they are, then the effect may be to exhaust the whole of the real estate, and leave the sons nothing; and if they are not, then the sons take almost all the estate from the daughters. That either effect would do violence to the intention of the testator, we have made plain.

The 7th clause of the will is, " I give and bequeath unto my daughters Catherine, Alithia, Mary and Patsy, the sum of $10,000 each, to be paid them *out of my estate.*"

We have considered this clause in view of the cases of *Bray* v. *Lamb*, 2 Dev. Eq. 372 and *Biddle* v. *Carraway* 6 Jon. Eq. 95; and without disturbing those cases, we put this case upon the ground of the manifest and leading purpose of the testator to share his bounty equally among his children. To effect that purpose, we adopt the conclusion. that the pecuniary legacies to the four daughters each, of $10,000, are chargeable upon the lands devised to the sons, so far as is necessary to produce equality among all the children of the testator. To this end the residue must be ascertained and applied so far as it will go, and all the property, real and personal, not specifically devised and bequeathed must also be ascertained and applied to the satisfaction of the pecuniary legacies to the four daughters; and if the said legacies are not satisfied in full, then the specific devises of land must be valued, and if their value shall be over and above the amount paid by the residuum, &c., to the daughters' legacies, then such overplus shall be equally divided among all the sons and daughters, so as to make all equal.

The reference for an account, was a proper order on the cause.

The order for the sale of the real estate other than that specifically devised, was also proper.

The interest upon the pecuniary legacies is properly chargeable from and after a year from the death of the testator.

This will be certified, &c.

PER CURIAM.                    Judgment accordingly.