MACON and wife and another *v.* MACON and wife and another.

SABASTIAN MACON and wife and SALLIE T. MACON v. NATHANIEL H. MACON and wife and LUCY A. MACON.

The purpose of a testator as gathered from his will, is always to be carried out by the Court, and minor considerations when they come in the way must yield. Especially is this so, when the purpose is in consonance with justice and natural affection.

*Hence,* where the manifest and leading purpose of the testator appeared from his will to be, that his children, two married daughters, should share equally his estate; and where, after giving them severally the shares they had in possession, [equal in value,] the testator gave to one, after the death of his widow, all his lands, and to the other, after the same time, slaves equal in value to the lands, the valuation of lands and slaves to be concurrent acts and dependent one upon the other, and the residue of his property, after the death of the widow, he divides equally between them, his said two daughters; and before the death of his widow, the slaves were freed, and ceased to be property: *Held,* that in accordance with the general purpose of the testator, apparent from the will itself, the daughter to whom the slaves had been given, and who realized nothing from the bequest, had a right to share equally with her sister, the lands devised to the latter.

(The case of *Lassiter* v. *Woods,* 63 N. C. Rep., 360, cited and approved.)

This was a CIVIL ACTION, involving the construction of a will, submitted to and decided by WATTS, J., at Chambers in the County of FRANKLIN, January 31st, 1876, upon the following

CASE AGREED :

(1.) David Thomas died in the County of Franklin, in the month of October, 1864, leaving a last will and testament, in words and figures following, to-wit:

" In the name of God, Amen !

I, David Thomas, of the County of Franklin and State of North Carolina, do make, publish and declare this to be my last will and testament, in manner following :

First, I give and bequeath to my daughter, Sallie T. Macon, wife of Sabastian Macon, the following slaves, now in her possession, to-wit: Young Louisa and her child Louie, Frank, Jane and her three children, Hilliard, Louisa and Ella, with their increase from this time.

Secondly, I give and bequeath to Sabastian Macon the following slaves, now in the possession of my daughter, Lucy Ann Macon, to-wit : Tom, Harriet, Peggy, Peter, Sally, William, Adline and Henry, with their increase from this time, to have and to hold the same, *in trust* for the sole, separate and exclusive use and benefit of my said daughter, Lucy Ann Macon, for and during the term of her natural life, free from the control of her present or any future husband ; and at her death to be equally divided, *per stirpes*, amongst her surviving issue ; and if she should die without leaving issue, then to be equally divided, *per stirpes*, amongst the issue of my daughter, Sallie T. Macon, who may be living at the death of my said daughter, Lucy Ann Macon.

Thirdly, I lend to my beloved wife, Drusilla Thomas, for and during the term of her natural life, all my lands, and all my slaves not heretofore disposed of, and all other property of every description which I may own at the time of my death ; and I give and devise the said land at my wife's death to Sabastian Macon and his heirs, *in trust* for the sole and separate and exclusive use and benefit of my daughter, Lucy Ann Macon, for and during the term of her natural life, free from the control of her present or any future hus-band, with remainder at her death, in fee simple, to her surviving issue, *per stirpes.* And at my said wife's death, I give and bequeath to my said daughter, Sallie T. Macon, as many

of the slaves lent to my wife during her life as aforesaid, as may be equal in value to the said lands at that time. The value of said land and slaves at my wife's death to be ascertained by three freeholders to be then appointed by Sabastian Macon; and the residue of the slaves lent to my wife, after the shares of Sallie T. Macon is so allotted to her, with any and all other property belonging to my estate, I give to my said daughters, Sallie T. Macon and Lucy Ann Macon, to be be equally divided between them; the share of my daughter, Lucy Ann, to be held in trust by Sabastian Macon, for her sole, separate and exclusive use and benefit during her life, and at her death to be subject in all respects to the same remainders and limitations as are attached to the bequests of slaves in her favor, in the second clause of this will.

Fourthly, My executors are not required to sell the perishable property left to my wife, unless she desires it; and if it shall be necessary to sell any portion of the estate for the payment of my debts, she is at liberty to select out of the personal property lent to her, such property as she may keep for that purpose.

And lastly, I nominate and appoint my beloved wife, Drusilla Thomas, and Sabastian Macon to be executrix and executor to this my last will and testament.

In witness whereof, &c.

(Signed) DAVID THOMAS, [Seal.]

Signed, sealed published," &c.

(2.) That the said will was duly proved at the December Term, 1864, of Franklin County Court, and Drusilla Thomas qualified as executrix thereto, and Sabastian Macon did not.

(3.) The said Drusilla Thomas died in the month of May, 1875.

(4.) The slaves given to his widow, Drusilla Thomas, for life, numbering twenty-five, were emancipated by the results

Macon and wife and another *v.* Macon and wife and another.

of the war; and the rest of the personal property given to her for life, and remaining at her death, amounted in value to no more than $——.

(5.) That the testator at the time of his death was seized of a tract of land lying in the County of Franklin, adjoining B. T. Ballard and others, containing eleven hundred and thirty-five (1135) acres, which said land was in possession of the said Drusilla Thomas until her death, and at that time was worth nine thousand dollars.

Upon the foregoing state of facts, it is insisted by the plaintiff, Sally T. Macon, that she is entitled to an equal division, that is, to one-half of the property, real and personal, left by said Dàvid Thomas to his widow, Drusilla Thomas, for life, and remaining at her death.

For the defendant, Lucy Ann Macon, it is contended that she is entitled to all the lands so remaining, regardless of the emancipation of the slaves, and to half the personal property so remaining.

If the Court shall be of opinion with the plaintiffs, then Commissioners shall be appointed to divide the said property; but if of opinion with the defendants, then an account and division of the personal property only is to be had.

His Honor rendered the following judgment:

" Upon examination of the will of David Thomas, I am of opinion that the plaintiff is entitled to an equal division of the estate; and that Commissioners should be appointed to divide the same, according to the true intent and desire of the testator. Let partition be had accordingly."

From this judgment the defendants appealed.

*Green, Smith & Strong,* for appellants.
*Davis & Cooke,* contra.

BYNUM, J.   The life tenant died after the emancipation of

the slaves by the results of the war. It is clear that upon the death of the life tenant, the valuation of the land to one daughter, and an equal valuation in negroes to the other daughter were to be concurrent acts; and that the paramount purpose of the testator was that these two and only children should have an equal share of his estate at the time of this valuation and division. When that time arrived, however, the slaves no longer existed as property, and this secondary and minor intent of the testator as to the mode of division could not be carried into effect. The only part of the estate or fund left, out of which the division could be made, was the land. As to that, there was still the primary and controlling purpose of equality between the daughters. The testator does not declare that the daughter Lucy shall have the land anyhow and at all events; but the devise to her is coupled with the qualification that slaves of an equal valuation with the land shall vest in Sarah, the other daughter; one bounty was dependent upon another. If at the death of the widow the land had been lost by paramount title, and the slaves only had remained, the same controlling purpose of equality between the two children would have required an equal division of the slaves. That equality was the controlling purpose of the testator is further apparent from all the provisions of the will. He had two daughters only who were equal objects of his affections. Both were married. The husband of one, it seems, was improvident, and the only difference made by the testator between the daughters was that the estate given to this one was secured to her separate use. The testator first gives the daughters the slaves already in their possession, which were of apparent equal value. He next gives them the land and negroes after the life estate of his widow. We have already commented upon this clause of the will. Thirdly and last, he makes an equal division of the residue of his property be-

tween them. Thus throughout the will equality between the daughters everywhere appears.

This case is so similar, in all its essential provisions, to *Lassiter* v. *Woods*, 63 N. C. Rep., 360, that the decision there is a decisive authority in this case. It was there held that equality is the controlling purpose and must be carried out by the Court, and that all secondary and minor considerations, when they come in the way, must yield. " And especially is this so when the purpose is in consonance with justice and natural affection."

There is no error.

PER CURIAM.                                   Judgment affirmed.