W. S. HILL and others v. J. M. TOMS, Adm'r.

*Wills—Pecuniary Legacies.*

Testator died in 1865, having previously made a will, in which he directs a certain pecuniary legacy to be paid out of money arising from the

sale of slaves, and appropriates certain land and the proceeds into which it is to be converted to be equally divided between other legatees; *Held* that the land is not chargeable with the loss of the legacy caused by the emancipation of the slaves.

(*Robinson* v. *McIver*, 63 N. C., 645; *Lassiter* v. *Wood*, Ib., 360; *Johnson* v. *Farrell*, 64 N. C., 266; *Johnson* v. *Osborne*, Phil. Eq., 59; *Macon* v. *Macon*, 75 N. C., 376; *Alexander* v. *Summey*, 66 N. C., 577; *Holman* v. *Price*, 84 N. C., 86, cited and approved.)

CIVIL ACTION for construction of a will tried at Spring Term, 1882, of RUTHERFORD Superior Court, before *Gudger, J.*

J. P. Mauney died in the year 1864 or 1865, having previously made his will in which are contained the following clauses:

"I give and bequeath to my beloved wife, Charlotte Mauney, twelve hundred dollars in money," and slaves and other enumerated-articles of personal property not necessary to be set out in detail; and the testator adds, "I also give her the use of my entire plantation, including the mill, to use as she pleases during her natural life, and at her death to be sold in the usual way and the proceeds of the sale to be equally divided among my children now living and the children of Drusilla Hill, deceased, that is to say, the children of Drusilla Hill are to have one-sixth part."

"I give and bequeath to the children of Drusilla Hill, deceased, my negro woman, Hannah Adeline, and her increase, now in possession of Abel Hill, and fifteen hundred dollars."

After several other legacies in slaves and in money, which the testator declares the respective legatees have already received, except a legacy of six hundred dollars to one Lawson P. Eaves, which is charged upon and to be paid out of the legacy to a daughter of the testator (Eliza Hamilton) the testator proceeds thus:

"I will that the balance of my negroes, to wit, Alfred, Lawson, Sam, Lizzy and her child Julia, be sold in the usual

way, except Lizzy and her child Julia, and I direct that they be sold together, and the money arising from the sale thereof to be applied, first, to the payment of bequests herein made, and the balance to be equally divided between my children, now living, and the children of Drusilla Hill, deceased, that is, the children of Drusilla Hill are to have one sixth part."

" I will that all the property I may have at my death not disposed of in this will, be sold in the usual way, and the proceeds of said sale applied as directed in the last foregoing clause of this will."

The testator then appoints the plaintiff, W. S. Hill, trustee, and confers upon him authority " to receive and distribute the money and property willed to the children of Drusilla Hill, deceased, as directed in the will."

The life tenant being dead, the administrator has made sale of the devised land under the directions of the will, and the fund provided for the discharge of the pecuniary legacies has been lost by reason of the extinction of property in slaves, before they could be converted into money for that purpose.

In the present action, requiring a construction of the foregoing clauses of the will, the plaintiffs, the children of Drusilla Hill, and the testamentary trustee claim that the bequest of the $1,500 shall be raised out of other personal property bequeathed by the testator by a *pro rata* distribution with the other legatees; and if this be insufficient, that it be paid from the money derived from the sale of the lands.

During the progress of the proceeding, the administrator of Jacob G. Mauney, deceased, is made a co-plaintiff and asserts his right as such to the share of the fund accruing to his intestate, had he still been living.

Upon the hearing, the court was of opinion and so ruled that the plaintiffs' legacy of $1,500 was lost in the destruction of the fund provided for its payment, and no part of the proceeds of the sale of the land could be thus appropriated ;

and further, that as the legatee, Jacob G. Mauney, survived both the testator and the devisee for life, he acquired a vested interest which was transmitted to his personal representative. From this ruling and judgment the plaintiffs appealed.

*Mr. M. H. Justice*, for plaintiffs.
*Messrs. Hoke & Hoke*, for defendants.

SMITH, C. J:, after stating the case.   We concur with His Honor in his interpretation of the will and the legal effect of the clauses on which the controversy depends.   Where there is a residuary disposition of both personal and real estate, while the former is primarily liable in exoneration of the latter, yet both are chargeable with the payment of the money legacies.   " This, however, is not on the footing of a charge on land like the annuities in this case," remarks PEARSON, C. J., in *Robinson* v. *McIver*, 63 N. C., 645, and repeated in *Johnson* v. *Farrell*, 64 N. C., 266, " but on the ground that in order to ascertain what is embraced in the residuary fund, it is necessary to take out the specific legacies and then to deduct the pecuniary legacies, and only what remains is the rest or residue of the estate."

A recent writer also remarks: Legacies are charged on the land, when the residue of the realty and personalty is bequeathed in one mass.   But a charge of legacies on all the real estate of the testator does not charge lands specifically devised.   O'Hara on Wills, 241.

The testator specifically designates the portion of his estate from which his representative is to derive the means of discharging the bequests, and appropriates the land and the money into which it is to be converted after the death of his wife, with equal clearness in the direction that it " be equally divided among my (his) children now living and the children of Drusilla Hill," the children taking a sixth part.

There is no principle upon which these beneficiaries can be deprived of the specific gift of the proceeds of the sale of the land to make up the losses of a money legacy caused by the emancipation of the slaves, from which source alone the payment is to be made, any more than if they had died a natural death. *Johnson* v. *Osborne,* Phil. Eq., 59.

The cases which seem to have been relied on by the appellants for disturbing the dispositions made of his estate by the testator, (*Lassiter* v. *Wood,* 63 N. C., 360; *Macon* v. *Macon,* 75 N. C., 376; and *Alexander* v. *Summey,* 66 N. C., 577,) are put on the ground of effectuating a manifest general intent to which certain special dispositions inconsistent therewith must yield, and do not warrant a subversion of the dispositions and appropriations in the will under review; and as was said in *Holman* v. *Price,* 84 N. C., 86, " this principle " (subordinating the particular to the predominant intent) " was pressed into service and carried to its extreme limits " in the two first cited cases.

No necessity here exists for a departure from the plain provisions of the will. Slaves are included in all the legacies, and all the legatees share in the loss of this form of property, as well as those whose bequests in money were to be derived from it. The land when sold is given as well to the plaintiffs as to the children of the testator, and no fancied equality intended in the distribution can justify the manifest and obvious dispositions of the estate being disturbed.

The gift over of the proceeds of the sale of the land is to the " children now living " and certainly the intestate son, Jacob G. Mauney, living at the time of the death of his mother, is included, and, notwithstanding his subsequent death, transmitted a vested interest in the fund to his administrator, and the latter is entitled to share with the others therein.

No error.                                    Affirmed.