A. A. LEEPER et al. v. MARIA J. NEAGLE.

*Wills—Construction of—Partition.*

1. The first great rule in the construction of wills is, that the intention of the testator must prevail, provided it can be effectuated within the limits which the law prescribes, and such intention is to be collected from the whole instrument.

2. The provisions of §2180 of The Code, prescribing that every devise of land is construed to be in fee, unless it shall be plainly intended by the will, or some

part thereof, that a less estate is intended, while laying down a rule of construction, still leaves the question of the intention of the testator open for construction, and where there is a particular, and a general paramount interest apparent in the same will, and they clash, the general interest must prevail.

3. Where a will devised to A the "north end of the house, the north kitchen, and what she needs of the smoke-house and lumber-house, and as much land as she can work her hands on," and the same will devised the same land to B; *It was held,* that A only took a life estate, and B the remainder in fee.

4. Such devise to A, standing alone, would have conveyed the fee.

5. Where one tenant in common has been ousted by his co-tenant, who brings an action of ejectment to recover the possession, the Superior Court has no jurisdiction to order a partition of the land.

(*Proctor* v. *Pool,* 4 Dev., 370; *Lassiter* v. *Wood,* 63 N. C., 360; *Ross* v. *Toms,* 4 Dev., 376, cited and approved).

This was an ACTION IN NATURE OF EJECTMENT to recover land, tried before *Shipp, Judge,* at Spring Term, 1885, of GASTON Superior Court.

A jury trial was waived, and the case submitted to the Court to be tried upon the facts and law.

The record discloses the following facts: Andrew Neagle, who was the owner of the land in controversy, died on the ... day of ......, leaving a last will and testament, the material parts of which are as follows: "I give and bequeath to my wife this end of the house, the north kitchen, and what she needs of the smoke-house and lumber-house; I give her a negro woman Fillis, Scott, George, Eliza, Bob, Milas. These I give to her to dispose of as she sees proper. I leave her as much land as she can employ her hands on, and what she needs of the barn and stable.

"2nd. I give to my son John E. Neagle, the plantation whereon I now live, and the Leeper plantation, and a negro man named Noah.

"4th. I give to my son John E. Neagle, and his mother, the plantation tools, and to go to my son John at the death of my wife, my wagon and cotton gin, gearing and screw, my wife to have the use of them when she needs them, and my threshing

machine, also my stock of cattle, I give to my wife at her disposal."

That at the time of testator's death, he resided in, and occupied the north end of his dwelling, which contained ...... rooms in the northern half and ...... rooms in the southern half, and there was a kitchen at the north, and a kitchen at the south end of the dwelling, and also a smoke-house, lumber-house, barn and stable upon said home place.

That after the death of the testator, John E. Neagle, the devisee of the home place, and also the executor of the will, executed the provisions of the will, and entered into and occupied the said house and land, with his mother, for a number of years, and while so occupying the premises, mortgaged the land to secure a debt due by him, and the land was afterwards sold under the mortgage and execution, and was purchased by one Margaret S. Leeper, in the year 1869, who received a deed for the same. That the said Margaret Leeper, afterwards died intestate, and her title to said land descended to her two children, the plaintiff A. A. Leeper and Mary E. Leeper, who having intermarried with the other plaintiff, S. J. Selvey, died, having had a child born alive, which afterwards died, and the said Selvey claimed his wife's interest in the land, as tenant by the curtesy.

The plaintiffs contend, that if the will of Andrew Neagle is definite and distinct enough to give the defendant an estate in the land and the buildings thereon, it gives her only a life estate in the north end of the dwelling house, the north kitchen, and the necessary use of the other buildings mentioned, in common with John E. Neagle and those claiming under him, and the use and enjoyment of so much of the land, as can be cultivated by the negro force given to her.    But that the defendant is in the occupation of the entire premises, claims it as her absolute property, and keeps the plaintiffs out of the possession, and they demanded to be let into possession, and to have a partition of said land, according to the respective rights of the parties.

The defendant admits the possession, but denies the tenancy in common, and insists that she is the rightful owner of said land in fee simple, under the will of the testator, but consents to a construction of the whole will, to the end that there may be a final disposition of all matters in controversy.

The Court rendered the following judgment:

"This cause coming on for trial before *Shipp, Judge,* a jury being waived, and the same being argued by counsel and considered by the Court, the Court doth declare its opinion to be, that under the will, the defendant is entitled to an estate for her life, in so much of the tract of land, described in the pleadings as the "home place," "as she can employ her hands on," to-wit: the negroes named and given to her in the will, the same to include "this" or the north end of the dwelling house, and the north kitchen, and what she needs of the barn and stable.

"It is further declared, that said defendant is also entitled for her life, to what she needs of the lumber-house and smoke-house as described in the will.

"It is further declared, that the said defendant is to have the use of the cotton gin, gearing and screw, and the wagon, when she needs them.

"It is further declared, that the plaintiffs, according to their several rights, are entitled in fee simple to the residue of said tract of land and buildings thereon, including the smoke-house, lumber-house, cotton gin and screw, the said smoke-house, lumber-house, cotton gin and screw, being, however, subject to the use of the defendant when she needs them, as hereinbefore declared.

"It is further declared, that the petitioners are entitled to a partition of the said tract of land in accordance with this opinion.

"It is further ordered, that J. G. Gullick, J. D. Moore and W. W. McLean be, and they are appointed commissioners to view the premises, and allot by metes and bounds in severalty, to the plaintiffs and defendant, so much of the premises, buildings and appurtenances thereto belonging, as they are respectively

entitled to, as hereinbefore declared by the Court, and that the said commissioners report in writing, under their hands and seals, their actings and doings in the premises, to the next term of the Court.

"It is ordered that each party pay half the costs."

From this judgment the defendant appealed.

*Mr. W. P. Bynum*, for the plaintiffs.

*Mr. John Devereux, Jr.*, for the defendant.

ASHE, J. (after stating the facts). The rights of the parties in this action, depend upon the construction to be given to the will of Andrew Neagle under which they both claim, and after giving the case a careful consideration, we are led to the conclusion there was no error in the interpretation given to it by his Honor, in the judgment rendered by him in the Superior Court.

The first great rule, says Mr. Christian, in the exposition of wills, and to which all other rules must bow, is that the intention of the testator, expressed in his will, shall prevail, provided it can be effectuated consistently with the limits and bounds which the law prescribes—2 Black. Com., 381, note 15—and Chief Justice RUFFIN, in the case of *Proctor* v. *Pool*, 4 Dev., 370, said, "No rule can be laid down for ascertaining the intention of the maker of a deed or other instrument. But his intention is to be collected from the whole instrument;" and in *Lassiter* v. *Wood*, 63 N. C., 360, it was held that "the general and leading intention of the testator, must prevail, where it can be collected from the will itself, and particular rules of construction must yield something of their rigidity, if necessary, to effect this purpose."

In the will under consideration, it is evident that it was the intention of the testator, to give a fee simple in the land in controversy, to his son John E. Neagle, notwithstanding the devise of the north end of the house, the kitchen, &c., to the defendant.

Unquestionably, if this devise to the defendant had stood alone in the will, by virtue of the act of 1784, The Code, §2180, she would have taken the fee simple therein. For the act provides, "When real estate shall be devised to any person, the same shall be held and construed to be a devise in fee simple, unless such devise shall, in plain and express words, show, *or it shall be plainly intended by the will, or some part thereof*, that the testator intended to convey an estate of less dignity."

But the statute, while prescribing a rule of construction, still leaves the question open as to the intention of the testator, to be collected from the whole provisions of the instrument. The main and leading intention of the testator, to be gathered from the will, is to give the fee simple to his son John in the home place, which included the dwelling house, and the devise of one end of the house, &c., and "as much land as she can employ her hands on, and what she needs of the barn and stable," was secondary, and must be construed to be in subordination to the general devise of the whole—a different construction would derogate from what was the manifest intention of the testator, that is, that John shall have the fee simple in the home place. This interpretation is in accordance with the doctrine announced by the Court in *Ross* v. *Toms*, 4 Dev., 376, where it is held "when there is a particular and a general paramount interest apparent in the same will, and they clash, the general interest must prevail."

Applying this principle to the case under consideration, our opinion is, the defendant by the will of Andrew Neagle, took only a life estate in so much of the land described in the pleadings as the "home place," as embraces the northern end of the dwelling house and the north kitchen, and what she needs of the barn and stable, and so much of the land besides, as she can employ her hands on, to-wit, the negroes named and given in the will, and also what she needs of the lumber-house and smoke-house, and to have the use of the cotton gin, gearing and screw, and the wagon, when she needs them. . And the plaintiffs, by

their purchase at the sale under the mortgage and execution, are entitled in fee simple to the residue of said tract of land and buildings thereon, including the cotton gin and screw, to have the gin and screw, smoke-house and lumber-house, the houses to be subject to the use of the defendant, as tenant in common for her life in the described property, and thus far we sustain the judgment of his Honor in the Court below, and his judgment is affirmed to that extent.

But when his Honor proceeded further to adjudge that the plaintiffs were entitled to a partition, and to appoint commissioners to make the partition, he committed an error, and that part of his judgment must be reversed.

This is an action to recover the land in controversy, in nature of ejectment. The plaintiffs and defendant are tenants in common. The defendant had ousted the plaintiffs, and the action is brought by the plaintiffs to recover the possession, to which their right entitles them.

It would be violation of all the established rules of practice and procedure, in an action like this, to render a judgment which appertains exclusively to proceedings for partition, which should be brought before the Clerk.

The judgment of the Superior Court is affirmed, except so much thereof as is herein reversed. The costs of the appeal must be paid by the plaintiffs.

Affirmed and modified.