JAMES S. PHILLIPS *vs.* SAMUEL CLARK, Administrator with the will annexed of Nathaniel S. Mowry.

A testator by the third clause of his will devised the "homestead farm" to N. S. M. in fee.

By the eighth clause, he gave N. S. M., in trust for J. S. P., the sum of five hundred dollars for his use, and his use only.

There were other pecuniary legacies.

By the residuary clause all the rest and residue of the testator's real and personal estate was devised and bequeathed to N. S. M. his heirs and assigns forever.

*Held,* that the "homestead farm" being specifically devised to N. S. M. was not charged with the payment of J. S. P.'s legacy.

*Held,* further, that the testator's real estate not specifically devised and which passed to N. S. M. under the residuary clause of the will was charged with the payment of the legacy.

The fact that N. S. M. to whom the "homestead farm" was specifically devised, was also residuary devisee and legatee, and executor of the will without bond, constitutes no exception to the general rule, that in the absence of anything in the will to show that the testator had a contrary intention, legacies are not a charge on estates specifically devised.

N. S. M. died leaving J. S. P.'s legacy unpaid, and his estate was declared insolvent. His administrator, under a decree of the probate court, sold his real estate which included land he had derived under the residuary clause of the above mentioned will. J. S. P. proved his claim as legatee before the commissioners in insolvency on N. S. M.'s estate. On a bill by J. S. P. to enforce a lien against the proceeds arising from the sale of N. S. M.'s real estate in the hands of his administrator,

*Held,* that the lien which was enforceable against the land, was also enforceable against the proceeds arising from the sale thereof.

*Held,* further, that although only N. S. M.'s interest in the real estate was sold leaving the lien on the land itself unaffected, yet the proceeds of sale in that case represented the residuum of the real estate devised to N. S. M. under the will, and that the lien could be enforced against such residuum.

*Held,* further, that J. S. P. was not estopped from enforcing his lien by having proved his claim against the estate of N. S. M. before the commissioners in insolvency.

BILL IN EQUITY to establish a lien.    Heard on bill and answer.

Elisha Mowry and Benjamin W. Mowry died, the former December 3, 1882, the latter December 1, 1883, leaving last wills and testaments of the same date, whereby each devised and bequeathed to the other all his real and personal estate for life and then proceeded to make devises and bequests in the same language to the same persons.    The third and eighth clauses of the wills are as follows :

"Third.    I give devise and bequeath unto my cousin Nathaniel S. Mowry after the decease of my brother    .    .    .  .. the homestead farm where I now reside, to him his heirs and assigns forever."

"Eighth.    I give devise and bequeath unto Nathaniel S. Mowry in Trust for James S. Phillips of Lime Rock the sum of Five Hundred Dollars for his use and his use only, for and in consideration of the good will and affection I have for him, and I hereby direct said Trustee that he shall pay said sum by installments or otherwise as he may deem best to the said James S. Phillips and to him only in such manner, and at such time or times, as in his judgment it shall be deemed proper."

The residuary clause is quoted in the opinion of the court.

The two wills were duly admitted to probate and letters testamentary issued to Nathaniel S. Mowry, the executor named therein.    Nathaniel S. Mowry died March 3, 1889, leaving a will, and the executor named therein declining to serve, the respondent Samuel Clark was appointed administrator on the estate of Nathaniel S. Mowry with the will annexed.    The estate was then declared to be insolvent, and

commissioners of insolvency appointed May 25, 1889. Subsequently, the respondent, under a decree of the Probate Court made on his petition, sold the real estate of his testator Nathaniel S. Mowry, which included that derived by him under the wills of Elisha and Benjamin W. Mowry.

The complainant, who is the legatee named in the eighth clauses of the wills of Elisha and Benjamin W. Mowry, proved his claim of one thousand dollars before the commissioners of insolvency on the estate of Nathaniel S. Mowry, and the same not having been paid to him, he filed this bill to establish a lien on the proceeds in the hands of the respondent, as administrator on the estate of Nathaniel S. Mowry, arising from the sale of the real estate of said Nathaniel S. Mowry derived from Elisha and Benjamin W. Mowry.

*June* 25, 1894.  TILLINGHAST, J.  The homestead farms of Benjamin W. and Elisha Mowry having been specifically devised to Nathaniel S. Mowry in fee after the life estate specified in their wills, without any limitation or condition, and nothing appearing in said wills or either of them to show an intention to charge said real estate with the payment of the legacies in question, the complainant had no lien thereon, nor has he any lien on the proceeds of the sale thereof now in the hands of the respondent, for the payment of his legacies.  By specifically devising this part of their property, the testators evidently intended, as between the objects of their bounty, to separate that part of their property from the rest, and that it should not be subject to the other provisions of their wills.  Indeed, it has been held that where the testator after making certain specific devises and bequests, gave some pecuniary legacies, and charged "all his real and chattel estates and property of every description," with payment thereof, and subsequently devised all "the residue of all his real and freehold estates, goods and effects of every kind" to A. in fee, the charge of legacies did not extend to the estates specifically devised.  *Conron* v. *Conron*, 7 H. L. Cas. 168. "The true rule," said Lord Cranworth in this case, "deducible from *Spong* v. *Spong*, 1 Dow & C. 365 ; 3 Bligh, N. S.

84, is that a mere charge of legacies on the real and personal estate (and 'on *all* the real and personal estate' must mean exactly the same thing) does not of itself create a charge on any specific devise or bequest. I think that the rule is a very reasonable one, and is likely to be, in general, conformable to the intentions of testators." See 3 Jarman on Wills, 5th Am. ed. 432, 433; *Davenport* v. *Sargent*, 63 N. H. 538; *Hill* v. *Toms*, 87 N. C. 492, and cases cited; *Worth* v. *Worth*, 95 N. C. 239. Where, however, there is a general charge by the will of debts, funeral and testamentary expenses, and also legacies, upon the whole of the testator's real and personal estate, the rule is different, and the legacies in such cases are charged upon specifically devised realty. *Maskell* v. *Farrington*, 3 DeG. J. & S. 338. We fail to see that the fact that said Nathaniel S. Mowry to whom the farms were specifically devised as aforesaid, was also the residuary devisee and legatee in each of said wills as well as the executor thereof without bond, etc., takes the case out of the general rule above announced, as contended by complainant's counsel.

The residuary clause of each in the wills now before us is as follows, viz.: "Ninth, I give, devise and bequeath unto my cousin, Nathaniel S. Mowry, all the rest and residue of my estate, of every nature and kind and wherever situated, lying or being, if any there be to be and remain to him, his heirs and assigns forever."

The bill shows that the testators owned real estate in addition to their homestead farms specifically devised as aforesaid, which passed to said Nathaniel under the residuary clause. This being so, we think it is clear that the complainant had a lien thereon for the payment of his legacies, under the well settled rule that where there is a bequest of legacies followed by a gift of the residue of the testator's property, real and personal, the legacies are charged on the realty thereby devised. In such cases it is considered, as said by Lord Campbell in *Greville* v. *Browne*, 7 H. L. Cas. 689, "that the whole is one mass; that part of that mass is represented by legacies, and that what is afterwards given, is given minus

what has been before given, and therefore given subject to the prior gift." See also *Lewis* v. *Darling*, 16 How. 1 ; *Francis* v. *Clemow*, Kay, 435 ; *Carroll* v. *Hargrave*, 5 Ir. Eq. 123 ; Roper on Legacies, Vol. I. 673–675 ; 3 Jarman on Wills, 5th Am. ed. 430 ; 13 Amer. & Eng. Encyc. of Law, 607, and cases in note 2 ; Schouler on Wills, § 522 ; *First Baptist Church of Hoboken* v. *Syms*, 28 Atl. Rep. 461 ; *Gould* v. *Winthorp*, 5 R. I. 319, and cases there cited; *Lapham* v. *Clapp*, 10 R. I. 543; *Mathewson, Petitioner*, 12 R. I. 145. See also *Derby* v. *Derby*, 4 R. I. 414.

And the complainant having had a lien on said last mentioned real estate for the payment of his legacies, he now has a lien on the proceeds of the sale thereof in the hands of the respondent, as trustee thereof, for the same purpose.

But the respondent contends that the complainant has no lien on the proceeds of the sale of said real estate because the former, as administrator, in making said sale under the decree of the Probate Court, sold only the interest therein of said Nathaniel S. Mowry at the time of his decease, and hence the lien of the complainant thereon, if any he had, was not affected thereby. That is to say, the contention is that the lien, if any existed, was in the nature of a mortgage upon said estate, and that the administrator could only sell the equity of redemption ; and as the proceeds of such sales would only represent the equity, the lien would not be affected. The purpose of the bill, however, is not to establish a lien upon said real estate, but upon the proceeds of the sale thereof in the hands of the respondent as trustee for the complainant. In other words, the complainant is seeking in this manner to enforce the payment of his legacies out of the residuum of the estates devised to said Nathaniel, as he has the right to do. And there being no debts of the testators or either of them, so far as appears, we see no reason why he may not follow the proceeds of the sale, if he sees fit, for that purpose: instead of resorting to the estate itself. In short, the complainant has the right to enforce the payment of the legacies out of any part of the property of the testators, not required for the payment of their debts, which

came to said Nathaniel under the residuary clause of said wills.

We fail to see the force of the contention of respondent's counsel that the fact that the complainant has proved his claim before the commissioners in insolvency on the estate of said Nathaniel S. Mowry, estops him from now claiming said lien. No one has been prejudiced by said act, or led into a line of conduct different from that which he would otherwise have taken. And the very essence of the doctrine of estoppel is, that the action or non action complained of must have led the party setting up the same into a course of conduct which would be prejudicial to his interest, unless the other be cut off from averring a different state of things as existing at the same time. In other words, the party invoking the aid of this doctrine must show that he would be injured by permitting the other party to the transaction to take a different position from that which he occupied at first. See *Gleazen v. Farrington*, 7 R. I. 277.

We are therefore of the opinion that the complainant is entitled to the relief prayed for, to the extent above indicated.

*Claude J. Farnsworth & Harry E. Carpenter*, for complainant.

*Joseph C. Ely*, for respondent.

