J. L. TUCKER, Ex'r of NANCY C. TUCKER et al. v. C. MOYE et al.

*Will, Construction of—Intent of Testator.*

1. The purpose of the testator, as gathered from the will, is always to be carried out by the Court, especially when it is in consonance with justice and natural affection.

2. A testatrix bequeathed to each of her four children (or their representatives) one-fourth of her estate, consisting of notes aggregating $4,000, of which one for $2,000 was owing by the plaintiff, and one for $1,000 by each of two of the children. S., to whom one-fourth was also given, owed nothing. The bequest to plaintiff was as follows: "I give and bequeath to my son J. L. T.

one-fourth of my estate, deducting from his part $2,000, with interest, advanced to him, for which I hold his note." The bequests to the two children owing $1,000 each were counter-balanced by their respective notes: *Held* (1), That the apparent purpose of the testatrix was that the estate should be distributed equally among the children; (2) that plaintiff is not entitled to hold the whole of his note as a gift, but in a settlement with S. for his share the plaintiff must account for the note owing by him.

This was AN ACTION commenced at the April Term, 1894, of PITT Superior Court, asking a construction of the will of Nancy C. Tucker, deceased, and submitted to *Bynum, J.,* upon the following agreed facts:

1. That in the year 1891 Nancy C. Tucker died domiciled in the county of Pitt, having first executed a last will and testament, which, after providing for the payment of debts, etc., was as follows:

"*Item 2.* My will and desire is that after my just debts and burial expenses are paid, that the balance of my estate shall be divided as follows:

"*Item 3.* I give and bequeath to my son Joshua L. Tucker one-fourth of my estate, deducting from his part two thousand dollars, with interest, advanced to him, for which I hold his note.

"*Item 4.* I give and bequeath to my daughter Catherine B. Moye one-fourth of my estate, deducting from her part one thousand dollars, with interest, advanced to her husband, W. B. Moye, for which I hold his note.

"*Item 5.* I give and bequeath to my son-in-law, Stephen S. Quinerly one-fourth of my estate.

"*Item 6.* I give and bequeath to the heirs of Sarah P. Quinerly, former wife of Samuel Quinerly, to-wit, Robert, Joseph and Rosa Quinerly, one-fourth of my estate, deducting from their part one thousand dollars, and interest, advanced to their father Samuel Quinerly, for which I hold his note.

"*Item 7.* I hereby constitute and appoint my beloved son

Joshua L. Tucker as my executor (without bond) to this my last will and testament, to carry out and execute the same according to the true meaning and intent thereof."

2. That the said Nancy C. Tucker left no real estate, and her entire personal estate consisted of a small amount of personal property, which has since been sold for $30, of $50 in money and of two notes, one for $2,000, executed by the plaintiff Joshua L. Tucker, dated August 1, 1885, and bearing interest at the rate of eight per cent., and one executed by Samuel Quinerly for $1,000, dated August 13, 1885, and bearing interest at same rate, and a note against Mary E Harper for $65, which has been collected.

3. That at the date of the execution of her will the said Nancy C. Tucker was possessed of one other note executed by W. B. Moye, for the sum of $1,000, dated the __ day of August, 1885, with interest at eight per cent., but the said Nancy C. Tucker, after the date of her said will, and before her death, delivered the said note to the defendant Catharine B. Moye in full of her share of the said Nancy's estate.

4. That the said Samuel Quinerly died insolvent, and not more than twenty-five per cent. of the note due from him to the said Nancy is collectible.

5. That there have gone into plaintiff's hands, exclusive of the note against himself and Samuel Quinerly, the sum of $145, and he has paid out in the payment of debts and charges of administration the sum of $249.70, exclusive of the amount he may be liable for as counsel and attorney's fees.

6. That said Catharine B. Moye and Joseph, Robert and Rosa Quinerly, and the guardian of Joseph and Rosa, make no demand upon the executors.

Upon these facts the defendant S. S. Quinerly contends that as it was the intention of the testatrix to give him one-fourth of her estate, he is entitled to one-half of the note executed by the said Joshua L. Tucker, or one-half

thereof after deducting the amount paid out by him as executor.

The plaintiff contends that inasmuch as the only assets in his hands is the $2,000 note executed by himself, he is entitled to the whole of the same as a gift from the testatrix, and that the defendant S. S. Quinerly is entitled to nothing.

Judgment was rendered according to the contention of the plaintiff, and defendant S. S. Quinerly appealed therefrom.

*Mr. James E. Moore,* for defendant (appellant).
No counsel, *contra.*

BURWELL, J.: In *Lassiter* v. *Wood,* 63 N. C., 360, Mr. Justice READE said of the will then being interpreted: "It is apparent that the leading purpose of the testator was to make all his children equal. The purpose of the testator, as gathered from the will, is always to be carried out by the Court, and minor considerations, when they come in the way, must yield. Especially is this so when the purpose is in consonance with justice and natural affection."

Of the will we have under consideration here, it may be said, we think, that it is apparent that the leading purpose of the testatrix seems to have been to divide her estate equally between certain persons named therein. She gave to the appellant one-fourth of her estate, and to the plaintiff one-fourth. Her estate consisted of three promissory notes amounting to $4,000 principal money, and "a small amount of personal property which has since been sold for $30."

This general purpose of the testatrix, that her estate should be divided into four equal parts, of which the appellant should have one, must be carried out, and minor considerations must yield to it. The words used by the testatrix in the third item of her will must be so construed as to make them harmonize with this general purpose, if such a construction can be reasonably put upon them.

TUCKER *v.* MOYE.

It seems to us that this can be done, for we have only to declare that when the testatrix said that from the plaintiff's one-fourth of her estate he should deduct $2,000, with interest, advanced to him, for which she held his note, she meant only that that note should be used as might be necessary in settlement of plaintiff's share of the estate. And if it is said this construction does violence to the words used in said item, it may be replied that the construction contended for by the plaintiff and adopted by his Honor, seems to us to do violence to the whole will and to thwart its apparent general purpose, which is in consonance with justice and natural affection. This is more reasonable, we think, than a construction that will bring us to the conclusion that the testatrix meant that one of her legatees, to whom she gave one-fourth of her estate, should get nothing, while another legatee, to whom she likewise gave one-fourth of her estate, should get what was worth more than $2,000. The construction contended for by the plaintiff would bring about that result, it seems, if adopted, and that, too, while, so far as appears, the condition of her estate was not changed between the date of her will and her death.

Our conclusion is that, in a settlement with the appellant for his one-fourth part of the estate of the testatrix, the plaintiff must account for the note mentioned in the third item of the will.　　　　　　　　　　Reversed.