JOHN M. KING and others *v.* E M. LYNCH, Ex'r., and others.

A testator bequeathed as follows: " 2. All my property not otherwise disposed of, to be sold at my death and all my children made equal, taking into consideration what I have already advanced or given them, as will appear by reference to a book where I have kept their accounts thus far," &c. Before the date of this will, the testator had given to each of two sons, a valuable tract of land: *Held,* that the land so given not appearing in the testator's book, was not to be accounted an advancement, in distributing the surplus so as to make his children equal.

(*Lassiter* v. *Hood,* 63 N. C. Rep. 360, cited and approved.)

SPECIAL PROCEEDING, originally commenced in the Probate Court of RUTHERFORD county and removed thence to the Superior Court, where it was heard before *Schenck, J.,* at Fall Term, 1875.

The plaintiffs filed a petition for an account and settlement of the estate of Elias Lynch, deceased, according to the terms of the will. The defendant E. M. Lynch, is the executor, and the other defendants John Lynch and Jonathan Lynch are heirs at law and legatees, under the will of the testator.

The only point decided in this court, is as to the proper construction of the will, which is as follows :

" In the name of God, Amen.

I, Elias Lynch, calling to mind the uncertainty of life and certainty of death, do make and ordain this my last will and testament revoking all others, to-wit :

First. I will and bequeath to my beloved wife Frances, six negroes, two men, two women and a boy and a girl, all her choice during her natural life, all the household and kitchen furniture, three horses or mules, her choice, one wagon and gear, three plows with all necessary tools for carrying on her farm, forty head of hogs, six cows and calves, two other cattle

for beef, fifteen head of sheep if on hand, one set of black-smith tools, five hundred dollars in money with a sufficiency of grain and rufness of all kind to do her and family one year, together with all necessaries to make her comfortable for the same time. The money and stock she may dispose of to suit herself; at her death the negroes to be sold by my executor and the proceeds equally divided among my legal heirs.

Second. All my property not otherwise disposed of to be sold at my death and all my children made equal, taking into consideration what I have already advanced or given them, as will appear by reference to a book where I have kept their accounts thus far. My daughter, Rebecca Minerva King, being dead, the balance that may be due her I give to her children she had by her husband, Noah King, as my account will show what they have already received. My son, Toliver L. Lynch, being dead and left four children, two sons and two daughters, what may be coming to my two grand daughters, children of Toliver L. Lynch, I place in the hands of my son, E. M. Lynch, in trust for them and by him to be vested in real estate for their sole benefit and their heirs. I mean their estate that may be due them on a final settlement of my estate.

I appoint my son, Elias M. Lynch, sole exector to this my last will and testament. In witness whereof I have hereunto set my hand and seal this 2d day of July, 1858.

(Signed)         ELIAS LYNCH, [SEAL.]

Witness:

     ROBT. G. TWITTY,
     WILLIAM L. TWITTY."


"A codicil to my last will and testament bearing date the 2d day of July, 1858.

Being desirous of making a small change in the same to-wit: All the property or estate that would be due my daughter, Malinda Whiteside, at my death shall be paid to her six children, Martha, Elliot, Wm. Joseph, Pasey, Richard and

Noah Whiteside, that is, they are to have their mother's share of my estate taking into consideration what she has already received.

In witness whereof I have hereunto set my hand and seal this 19th day of October, 1850.

                                 ELIAS LYNCH, [Seal.]
Witness :
    Robt. G. Twitty."

On the 6th day of February, 1854, the testator conveyed to the defendant, John Lynch, by deed, a tract of land worth $8,000, at the time of conveyance; and on the 1st day of July, 1854, he conveyed to Jonathan Lynch a tract of land worth $4,000, at the date of conveyance.

The defendants were not charged with the value of this land in the book referred to in the will, and the same was not mentioned therein.

The will was submitted by consent to the construction of the court, as to whether in stating the account, the defendants John and Jonathan, should be charged with the value of the land aforesaid, and upon consideration the court held that they should be so charged.

All other facts necessary to an understanding of the case, are stated in the opinion of the court. The defendants ap-appealed.

*Smith & Strong*, for the appellants.
*Battle, Battle & Mordecai*, contra.

Pearson C. J. When the primary purpose and a secondary purpose of a testator conflict, or when from unforeseen events, the secondary purpose cannot be carried into effect without defeating the primary purpose, the secondary purpose must give way—for illustration, see *Lassiter* v. *Wood*, 63 N. C. Rep. 360.

We refer to this case for illustration, because in the application of the general rule, every case must, like tubs, stand on its own bottom.

While agreeing with his Honor as to the general rule of construction, we differ from him in regard to its application to our case. The only purpose of the testator was to make an equal division of his estate among his children and grand children, considering each to have received *advancements, as set down in his book.* So the equality is made to depend upon his books, in which he made entries and which is referred to in his will.

Thus it is seen that the testator had no primary and secondary purpose, or "general and particular intent." He had only one intent, to divide what he owned at his death among his children, and grand children taking the place of parents deceased *equally, according to the amount he had put down in his book.* Upon the face of the will, the land deeded to Jonathan and John, not being entered in "*the book*" cannot be taken into the account.

Going outside of the will, and putting ourselves as near as may be in the position of the testator when he made the will, we are not able to account for the fact that the testator does not charge Jonathan and John with the lands for which he had given them deeds in 1854, upon "his book of account," except on the ground, that in consequence of one and then the other living with him, and acting as his general agent and overseer for many years, up to the time of his death, he intended the land as compensation, and not as an advancement, or he intended to make a gift and not an advance to his favorite sons. It was his estate, why should he not dispose of it as he pleased? "His book of accounts of advancements" dates back to 1850, itemizes and dates each advancement, charges John and Jonathan with certain advancements at dates prior and subsequent to the date of the deeds, but does not charge them with land, one $8,000 the other $4,000.

   This cannot be taken as an omission—an act of forgetfulness. The value is too large to have been overlooked.

There is error. This will be certified.

Per Curiam.                    Judgment reversed.