ROBERT C. PERKINS, Administrator, with the will annexed v. H. P. R. CALDWELL and others.

*Will--Construction of--Executors and Administrators--Account.*

1. An administrator or other trustee who wishes to obtain the construction of a will must set out in his application all the facts material for a decision on the rights and liabilities of the parties interested; and the trustee should be in possession of the property in respect to which he seeks the advice of the Court.

2. To ascertain the facts in such case it is proper to order an account to be taken of the property of the testator in the hands of the representatives of his deceased executor.

(*Bullock* v. *Bullock,* 2 Dev. Eq. 307, cited and approved.)

CIVIL ACTION for the Construction of a Will, tried at Spring term, 1877, of BURKE Superior Court, before *Furches, J.*

The testator, John Caldwell, died in 1856. Tod R. Caldwell was appointed executor, and upon his death Robert C. Perkins was appointed administrator with the will annexed, and instituted this action against the defendant legatees and their representatives, asking for a construction of the will of John Caldwell, and for an account by the representative of the executor of said testator. No decision was made upon the questions involved in the controversy for the reason that the material facts were not ascertained. His Honor granted an order to take the account as demanded by plaintiff and the defendants appealed.

No counsel for plaintiff.
*Messrs. A. C. Avery* and *G. N. Folk,* for defendants.

RODMAN J. We are of opinion that in the present stage of this case we cannot pass on any of the questions on which
28

the plaintiff asks our advice. No doubt an administrator or other trustee may in many cases apply to a Court for its instruction in the administration of a doubtful trust. 2 Story Eq. Jur. § 1267; *Bullock* v. *Bullock*, 2 Dev. Eq. 307.

Applications of this sort are most frequently made when the object is merely to obtain a construction of an ambiguous will, although they are not confined to such cases. In the present case the will of the testator is of unusual clearness considering its length and the nature of its provisions. The difficulties in its execution are in consequence of the destruction of a large part of the property intended for the payment of legacies, since the death of the testator.

But before a Court can undertake to decide the questions of duty presented upon such an application, it seems plain that all the facts upon which the duty depends must be set forth and admitted by all the persons interested, or ascertained in some proper way; otherwise the decisions of the Court would be upon hypothetical or supposed states of fact, liable to be modified or entirely changed when the real facts shall be ascertained. Such advice would be more liable to mislead a trustee than to guide him safely.

It also seems essential to the exercise of such a jurisdiction, that the trustee should be in the possession of the property in respect to which he seeks the advice of the Court, and thus able to carry it into effect.

In both these respects the present application is defective. Many of the facts alleged are admitted, but not all that are material; for example, it does not appear whether or not Tod. R. Caldwell assented to the legacy of bank stock to himself. Ordinarily it would be presumed that he did, but it is a presumption which may be rebutted, and it is denied on his part that he did.

The plaintiff does not appear to be in possession of the property of the testator, John Caldwell. In fact an essential part of the relief demanded is to obtain possession of so

much of the property as has not been lost, from the representatives of the executor of John.

The plaintiff is clearly entitled to an account of the property of John Caldwell, which is or ought to be in the hands of the representatives of his executor unadministered. On the taking of this account, all the facts material for a decision on the rights and liabilities of the several parties will necessarily be ascertained, and the questions then presented, may be very different from what they appear to be now.

This course will prove in the end more convenient and even more expeditious.

For these reasons the case is remanded in order that an account, &c., may be taken and such other proceedings had, &c. Neither party will recover costs in this Court.

PER CURIAM.                              Judgment accordingly.