WALLACE BROTHERS v. J. R. ROBESON and others.

*Attachment—Interpleader—Burden of Proof—Practice in Supreme Court—Directing the Verdict.*

1. Interpleaders in an attachment proceeding having failed to appear and prosecute their plea, at the proper term of the Superior Court, judgment was rendered on their bond. At a subsequent term, they moved to set the judgment aside, which motion was denied; but the judgment was set aside to the extent that an issue was ordered to be submitted as to the ownership of the property attached. At a still subsequent term, this issue was tried, and the interpleaders appealed to the Supreme Court, from the judgment

then rendered. In the Supreme Court it was held, that the judgment refusing the motion to set aside the judgment rendered on the bond could not be reviewed on such appeal.

2. In proceedings in attachment, one who interpleads under § 331 of *The Code*, is *an actor*, upon whom rests the burden of proving his title to the property he claims. And this is so, although the property was in his possession when seized by the Sheriff.

3. Where an issue is submitted to the jury and the party upon whom rests the burden of proof refuses to offer any evidence, it is proper for the Judge to direct the jury to answer the issue in favor of the other side.

CIVIL ACTION, tried before *Connor, J.*, and a jury, at February Term, 1888, of IREDELL Superior Court.

The plaintiff brought this action against J. R. Robeson, in the Superior Court of the County of Iredell, to recover the money alleged to be due upon certain promissory notes specified in the complaint, and in the action sued out a warrant of arrest, and also a warrant of attachment, which latter was levied upon certain goods alleged to be the property of the defendant in the action. The plaintiffs afterwards obtained judgment for their debt.

The appellants claim the goods so levied upon, and interpleaded, as allowed by the statute (*The Code*, §§ 331, 375). They allege "that on the 22d day of June, 1885, a stock of goods, wares and merchandise belonging to them, and of which they had possession in their store-house in said County of Yancey, was seized and taken by the Sheriff of said county, and they turned out of said house, under an attachment issued from the Superior Court of Iredell County in favor of the plaintiffs, Wallace Brothers, and against the defendant J. R. Robeson, parties to the above entitled action.

Affiants further state that they are the owners of said stock of goods, and are lawfully entitled to the possession thereof, and also the building or store-house in which the goods are kept.

That they purchased said stock of goods from the defendant J. R. Robeson, and also his interest in the store-house, on the 15th day of June, 1885, and at the same time took possession and control of the whole of said property.

That the purchase of said property was *bona fide* made upon and for good consideration by these affiants, who took the same innocently, without any knowledge or notice of any fraudulent intent on the part of defendant Robeson, as alleged by plaintiffs, Wallace Brothers, as alleged in their affidavit."

At the August Term, 1887, of the Court, the appellants, interpleaders, failing to appear and prosecute their plea, the Court gave judgment upon their bond in favor of the appellees.

At the November Term of the Court of 1887, the appellants moved to set the judgment against them aside, because of excusable neglect, and irregularity affecting the judgment. The Court, after reciting the facts, denied the motions, as follows:

" It is therefore adjudged by the Court, that the motion to set aside the judgment for excusable neglect, and to allow the said defendants to plead and answer, and to set aside the judgment for excusable neglect and surprise, be, and the same is, denied.

" It is further adjudged, that the motion to set aside the judgment for irregularity, be allowed, to the extent that an issue be submitted to the jury to pass upon the said interpleader of Griffith and Higgins, who claim the said property agreeably to secs. 331 and 375 of *The Code.*

" And it is further adjudged, that the motion of the defendant G. D. Ray, to interplead and set up title, and claim the property attached, as aforesaid, in Exhibit " C," as his own, be denied, on the ground that he has heretofore signed the forthcoming bond of Higgins and Griffith, and signed and filed an affidavit in the cause setting up title thereto in Hig-

gins and Griffith.    His motion is also refused, as a matter of discretion, after so long a delay to apply."

Afterwards, at the February Term, 1888, of the Court, the case was tried.   The following is a copy of the material facts of the case settled on appeal:

The plaintiffs' action was instituted June, 1885, and warrants of arrest and attachment sued out, and by successive steps, judgments for the debt sued on, and on the bail and attachment bonds, rendered.

After the writ of attachment against the defendant Robeson's property was levied, the interpleaders, Joseph Higgins and W. E. Griffith, filed an interpleader in the cause, claiming the attached property as their own.

At November Term, 1887, of this Court, Judge Clark modified the judgment against the attachment bond, which had been obtained at the August Term, 1887, of this Court, as follows, to-wit: "To the extent that an issue be submitted to the jury to pass upon the said interpleader of Griffith and Higgins, who claim the said property, agreeably to §§ 331 and 375 of *The Code*."

From this judgment, and from the other judgments in the cause theretofore rendered, no appeals have been perfected by any of the defendants or the interpleaders.

The cause coming on to be heard at this term solely upon the said interpleader of the said Griffith and Higgins, and upon the issue directed by Judge Clark, as above stated, the counsel for the interpleaders stated that they only wished to raise the question, whether the said interpleaders were *bona fide* purchasers of the property attached, for value and without notice of the fraudulent character of the assignment; whereupon the Court drew and submitted the following issue:

"Did Higgins and Griffith purchase the property described in the complaint (interplea) for a valuable consideration, and without notice?"

100—14

To this issue the plaintiffs objected. The interpleaders insisted upon the issue as thus framed.

The interpleaders insisted that, upon this issue, the burden of proof was upon the plaintiffs.

The Court held that the burden was upon the interpleaders. The interpleaders excepted.

The interpleaders declined to introduce any testimony to support the issue, whereupon the Court directed the jury to answer the issue in the negative.

The verdict was rendered accordingly

The interpleaders moved for a new trial. Motion denied.

Judgment was then rendered for the plaintiffs. Appeal by the interpleaders.

*Messrs. J. B. Batchelor* and *John Devereux, Jr.,* for the plaintiffs.

*Mr. C. M. Busbee,* for the interpleaders.

MERRIMON, J., (after stating the facts). It was contended on the argument before us, by the learned counsel for the appellants, that they have the right in this appeal, to insist that the Court below erred in denying their motion to set aside the judgment entered against them at the August Term of that Court of 1887. Clearly, they have no such right. No error was assigned in that respect, nor was there any appeal from the judgment, which was final. Indeed, it seems that they were well satisfied, inasmuch as the Court somewhat irregularly allowed an issue of fact to be submitted to a jury that afforded them fair opportunity to prove their title, if they had any, to the goods in question. The appellees objected to the issue, the appellants insisted upon it, their counsel declaring that they only wished to raise the question presented by it. Notwithstanding their default, in the course of the action the Court, anxious to do them justice, allowed them the largest opportunity to establish their claim.

The single question presented for our decision by the assignment of error is: On whom did the burden of proof of the issue submitted to the jury rest? We cannot hesitate to decide that the Court below held properly that it was upon the appellants.

The statute (*The Code*, § 331,) provides, in respect to warrants of attachment, that "when the property taken by the Sheriff shall be claimed by any person other than the plaintiff or the defendant, the claimant may interplead, upon his filing an affidavit of his title and right to the possession of the property, stating the grounds of such right and title," &c. Thus the person interpleading is allowed to come into the action in the course of it, not as a defendant or an ordinary plaintiff, but as an actor—in a sense, a third party, alleging, not simply that he is the owner of the property, but he must allege "his title and right to the possession of the property, stating the grounds of such right and title." Wherefore such strictness and particularity required of the person interpleading? Is he required thus to allege his title and right of possession and the grounds thereof affirmatively, simply to compel the plaintiff in the action to disprove the same negatively? Rather, is it not the purpose of the statute to allow him to come into the action in its course, allege and prove his title and right of possession of the property upon their real merits, and if he shall succeed, take it, without the delay and expense incident to a separate and independent action that, otherwise, he might be forced to bring? This seems, to us, to be the just and reasonable view, and the one that harmonizes with well-settled principles of law applicable. *Claywell* v. *McGinsey*, 4 Dev., 89; *Churchill* v. *Lee*, 77 N. C., 341; *Hudson* v. *Wetherington*, 79 N. C., 3; Bailey's *Onus Probandi*, 27; 1 Glf. on Ev., 74; Abb. Tr. Ev., 715.

Moreover, the plaintiff, by his action—the warrant of attachment and the levy of the same on the property as that

of the defendant—has acquired some right to the property for the purposes of the action, that a party interpleading should ordinarily be required to overthrow, by proving his better title, if he has one. In such case, the presumption is, that the property was properly levied upon as that of the defendant in the action; the warrant commanded the Sheriff to levy upon his property, and not that of another.

The counsel of the appellants laid much stress on the fact, that they were in possession of the property when the Sheriff levied upon it; he insisted that such possession was evidence of title. If this be granted, the burden was on the appellants to prove such possession. It was not admitted, as alleged, but if it had been, evidence of the admission should have been produced by the appellants. But evidence of mere possession would not have been sufficient; the appellants were bound to prove their title and right of possession of the property, substantially as alleged by them and, as required by the statute. *Boon* v. *Chiles*, 10 Pet., 211.

There is no error, and the judgment must be affirmed:

No error.                                                 Affirmed.