T. E. BALSLEY, Executor of J. B. BALSLEY, v. W. G. BALS-LEY et al.

*Will, Suit for Construction of—Jurisdiction—Further Relief Granted—Indebtedness of Devisee.*

1. Where an Executor seeks the advice of the Court and a construction of the will, only such questions will be determined as it is necessary to settle in order to protect the fiduciary in the discharge of his present duty.

2. The Courts will not assume jurisdiction except where there is a present existing question of right to be acted upon, capable of being made the subject matter of a decree, nor will they advise as to the past conduct of an executor nor as to the future and contingent rights of legatees.

4. A trustee seeking advice as to the disposition of property or the distribution of a fund must, as a rule, have it in his possession so that the order of the Court may be carried out.

5. The Courts have jurisdiction of a suit by an executor for the construction of a will when he has personal assets in his hands ready for distribution and where the will, while providing for an equal distribution, does not show whether the debts due to the estate are to be released or treated as advancements and added to the estate before distribution.

6. Where a Court has properly taken jurisdiction of a suit to construe a will, it may order a valuation of the real estate if necessary in order to afford complete relief though the relief thus granted is ordinarily granted in a special proceeding.

7. Where a will provides for the equal distribution of the testator's estate and one of the devisees is indebted to the testator, it is proper to add the amount of such indebtedness to the value of the personal and real estate and, after ascertaining the share of each, to deduct from the share of the one so indebted the amount of his indebtedness.

This was a CIVIL ACTION, tried before His Honor *W. A. Hoke*, at December Term, 1894, of the Superior Court of GUILFORD County, brought by T. E. Balsley, Executor of J. B. Balsley for the purpose of obtaining a construction of the last will and testament of said J. B. Balsley, and for sale of the real estate of said testator, and a distribution of the proceeds thereof and of the personal estate of the testator.

A jury trial was waived by consent of the parties.

The facts admitted by the pleadings, and the parties, including those in the Referee's Report, and found by His Honor and set forth in the Record proper are as follows:

1. That J. B. Balsley, late of Guilford county, died leaving a last will and testament, and leaving as his children T. E. Balsley, plaintiff, and Chas. T. Balsley, Wm. G. Balsley, Jacob. A. Balsley and Leonora Lambeth, defendants. The will, after making certain specific legacies, provided for the equal division of the estate among his children. No mention was made of advancements or indebtedness of the children to the testator.

2. That at testator's death he was the owner of a large quantity of valuable real estate, all situated in Guilford county, N. C., and set out in the complaint.

3. That testator's personal estate amounted, after deducting expenses of executor and debts paid by him, to the sum

of $5727.47—which amount is in the hands of the said Executor for distribution as shown by John N. Wilson, Referee, in his report, which is a part of the Record proper.

4. That the lot of land specifically devised to Wm. G. Balsley is worth $575.

5. That Wm. G. Balsley is indebted to the estate of the testator in the sum of $309 with interest on $141 from October 19, 1886, and on $50 from July 17, 1889, and that Leonora Lambeth is indebted to said estate in the sum of $100, and that Chas. T. Balsley is indebted to said estate in the sum of $2885.87, with interest on $1000 from March 27, 1888, on $350 from May 3, 1888, on $1000 from Sept. 8, 1889, and on $535.37 from Jan. 8, 1891.

6. That the defendants, to-wit: G. S. Bence, J. W. Rawley and Geo. R. Dunn, trading as Bence, Rawley & Dunn ; Jno. G. Spotts, trading as Jno. G. Spotts & Co.; F. M. Sproenhule and Albert Sproenhule, trading as F. M. Sproenhule & Co.; J. W. Dunham, W. T. Buckley, Chas. E. Webb and W. E. Webb, trading as Dunham, Buckley & Co.; H. Oppenheimer and Sol. Cutchens, Jr., trading as Oppenheimer & Cutchens ; M. Millheiser, S. Hurst and E. Millheiser, trading as M. Millheiser & Co.; Chas. E. Jones, Thos. Poindexter and Thos. N. Jones, trading as Jones, Poindexter & Co.; E. B. Taylor, G. S. McRae and W. I. Parish, trading as E. B. Taylor & Co.; Wm. H. Sylvester, C. Hill and Stanley Hill, trading as Hill Bros.; E. G. Davis and John Elchison, trading as C. W. Thorn & Co., and G. T. Glascock have judgments against said Chas. T. Balsley which are docketed in the office of the Clerk of the Superior Court of Guilford county, for large amounts, the several amounts and dates of docketing not given as there is no controversy as to the same.

7. That plaintiff, T. E. Balsley, Executor of J. B. Bals-

ley, brought action against Chas. T. Balsley on the said indebtedness of Chas. T. Balsley which was due on notes, and secured judgment for the same and had it docketed in the office of Clerk of the Superior Court of Guilford county after the other judgments aforesaid.

8. That at the time of J. B. Balsley's death the said Chas. T. Balsley was insolvent and has been so ever since, and still is insolvent, and the amount of his indebtedness aforesaid largely exceeds his share in the said net surplus of the personal property for distribution in the hands of the Executor.

The plaintiff contends that in accordance with the true intent and meaning of the said will, the indebtedness of the said children, Wm. G. Balsley, Leonora Lambeth and Chas. T. Balsley, should be added into the general aggregate of the estate and each of them required to take his said indebtedness in part or in whole of his share of the estate, and that in order to ascertain their shares a sale of the real estate of testator is necessary.

These defendants judgment creditors of Chas. T. Balsley deny that there is any equality directed in said will which requires or allows the said indebtedness of the said Chas T. Balsley to the testator to be added into the general aggregate of said estate including the lands or the proceeds thereof, and that he be required to take said indebtedness in part or whole of his share of the said lands, and insists that under said will Chas. T. Balsley is entitled to one undivided one-fifth of the real estate of testator immediately without regard to his indebtedness, and to one undivided one-fourth of the share of said Jacob A. Balsley, who is now dead, and that these defendants judgment creditors of Chas. T. Balsley have liens upon his share for the satisfaction of their judgments prior to and free from the indebtedness of the said Chas. T. Balsley to testator.

His Honor rendered judgment in favor of plaintiff.

From which judgment these defendants judgment creditors of Chas. T. Balsley appealed and assign the following errors, viz:

That His Honor held " that in accordance with said will the debt owing to the testator by Chas. T. Balsley be added into the general aggregate of the property of the testator and that he be required to accept and take up his said indebtedness in whole or in part of his share of said estate.

2d. That a sale was ordered to be made.

3d. That the Court did not dismiss this action.

*Messrs. Dillard & King* and *Shepherd & Busbee*, for plaintiff.

*Messrs. MacRae & Day*, for defendants (appellants).

AVERY, J.: The frequent filing of bills under the old, and institution of actions in the nature of bills in equity under the new practice, by executors and trustees against those entitled to the beneficial interests, for the purpose of obtaining a construction of wills, have led to the thorough crystallization of the leading principles governing causes of this kind.

1. Only such questions will be determined by the Court, as it is necessary to settle in order to protect the fiduciary in the discharge of his present duty. *Tyson* v. *Tyson*, 100 N. C., 360; *Tayloe* v. *Bond*, Busbee's Eq., 5.

2. The courts will not assume jurisdiction, except where there is a present existing question of right to be acted upon, the determination of which can now be made the subject matter of a decree. They will not advise as to the past conduct of an executor, nor as to the future and contingent rights of legatees. *Tayloe* v. *Bond, supra*; *Little* v. *Thorne*, 93 N. C., 69.

3. The trustee, who seeks advice as to the disposition of property or the distribution of a fund, must as a rule have it in his possession, so that the order of the Court may be carried out. *Perkins* v. *Caldwell*, 77 N. C., 433.

While the advisory jurisdiction of the Courts cannot be invoked to elicit an opinion on an abstract question, yet where the court has properly taken cognizance of a case for the settlement of another controverted point, for the proper determination of which it incidentally becomes necessary to place a construction on a will, the courts acting upon a familiar rule of equity practice make an exception to the general rule. *Little* v. *Thorne, supra.* The executor had in hand the sum of $5727.47 arising from the sale of the personal property after paying the debts of the testator and the costs of administration. The leading purpose of the testator to make an equal division of all of his estate, real and personal, except a specific legacy of $500, left in trust for his granddaughter, Mary B. Atkinson, is clearly expressed in the will and must be carried out if it is in the power of the Court to do so. *Lassiter* v. *Wood*, 63 N. C., 360; *King* v. *Lynch*, 74 N. C., 364; *Alexander* v. *Summey*, 66 N. C., 577. There was no intent expressed to treat as advancements the indebtedness of his children nor on the other hand to have any such debt left out of an account of advancements or released.

The defendant Charles T. Balsley, one of the sons of the testator, was indebted to the estate in the aggregate sum of $2885.87, with interest on various smaller sums, making up that aggregate from various dates. His creditors, who are defendants and who appealed from the judgment of the court, contended that the indebtedness of Charles ought not to be added, in order to arrive at the aggregate value of the real and personal property and make an equal division of the same; but that leaving his indebtedness out of the

estimated value of the whole estate, Charles was entitled to receive one-fourth. The executor was advised that the amount of this indebtedness should be added to ascertain the value of the estate, and deducted from the one-fourth thereof in determining the amount, if anything, coming to Charles. When the executor sought to distribute the trust fund arising from the sale of the personalty and left after the payment of debts and expenses, he was confronted with some controverted questions, about which he had a right to ask the advice of the Court for his own present protection.

But if the indebtedness of Charles was to be charged against him as an advancement, the executor could not determine without some authoritative valuation of the entire real estate whether after deducting the debt from one-fourth of the aggregate sum ascertained by adding together the balance in hand arising from the sale of the personalty, the sums due from the heirs and distributees and the estimated value of the real estate, there would be any excess on hand due to Charles. Then, if there should be any excess, it would become necessary to know what portion, if any, should be exempt from his debts, and if treated as a homestead, how the fund should be disposed of for the benefit of Charles and his creditors.

But the defendants assign as error the order that the land be sold for the purpose of making an equal distribution under the will. It is declared by the Court in express terms however that it was made by "consent of parties" and it is manifest therefore that no exception can be taken to the sale at this late day.

So the whole fund is now in hand, and it remains to determine what interest Charles, or such of the defendants as are his creditors have in its distribution.

We think that the motion to dismiss for want of jurisdiction was properly refused. The executor set forth facts suffi-

cient to show that he had a right to ask the advice of the Court as to the distribution of the fund already in hand, and when it was made to appear that the advice could not be given without first ascertaining and determining the value of the real estate, the Court having, in the exercise of its equitable jurisdiction, once taken rightful cognizance was empowered and required to afford complete relief, even though it incidentally involved the granting of a remedy ordinarily administered by the Court in a special proceeding. We have seen that where the Court takes cognizance for a different purpose, it will incidentally construe a will in order to afford the relief to which a party is entitled, and so in the case at bar the Court, finding it necessary to determine the value of the land, was authorized to have it ascertained in the way provided by law. We are relieved from the necessity of determing whether the heirs could have insisted on an actual partition of the land by commissioners instructed to ascertain the aggregate value of it, and if it should become apparent that the debt of Charles would amount to more than the value of a share, to divide it as near as might be practicable into three equal shares to the other heirs entitled under the will. The Court by consent of all parties ordered in the progress of this litigation that the land be sold, and the fund, which stands in place of it, is now subject to the order of the Court just as the residue of the proceeds of the sale of personalty has been from the filing of the complaint. The voluntary consent of all parties interested, to the order of sale likewise dispenses with the necessity for considering or discussing the question whether the terms of the will are such as to give the executor, by implication, power to sell. It is immaterial, in view of the assent of the parties to the sale, whether in the face of objection the executor would have been deemed authorized, by implication, to sell in order to carry out the

leading purpose of the testator to make all of the four devisees equal, or whether, in the way indicated, some of the devisees might have demanded actual partition.

If Charles Balsley's indebtedness exceeds his share of the estate, it would seem that the Court provided for the disposition of the fund, in the manner pointed out as proper in *Vanstory* v. *Thornton*, 112 N. C., 196, and the cases cited by the Justice who delivered that opinion. We think there was no error.