REDMAN & WILBAR v. RAY & EDWARDS and J. G. WILLIAMS, Interpleader.

(Decided December 20, 1898).

*Interpleader—Burden of Proof—Bill of Sale Absolute, but Intended as Security.*

1. The burden of proof is upon an interpleader, claiming property in dispute, to show title to the same.

2. A bill of sale, absolute upon its face, but intended as a security for past indebtedness and for future advances, is incapable of being registered and is void as to creditors and subsequent purchasers, although probably good between the parties.

CIVIL ACTION for the possession of a lot of sawed lumber, known as the Shelton yard lumber, tried before *Greene, J.,* and a jury at Fall Term, 1898, of MADISON Superior Court.

J. G. Williams, upon his application, was allowed to interplead for said lumber, alleging that he was the owner.

The Court ordered that the issues between Williams,

interpleader, and the plaintiffs be made up and submitted to the jury first.

The Court submitted the following issues:

1. Is the interpleader, J. G. Williams, the owner of the lumber described in this action?

2. What is the value of said lumber?

The interpleader objected to the form of the first issue, as putting the burden of proof on him; and excepted.

As evidence of title he read in evidence a bill of sale to himself from defendants—Exhibit "*A*"—as follows:

## EXHIBIT "*A*."

NORTH CAROLINA—MADISON COUNTY.

Know all men by these presents, that we W. M. Edwards and W. C. Ray of the County of Madison and State of North Carolina, for and in consideration of the sum of $500 in hand paid by J. G. Williams of County of Buncombe and State of North Carolina, do by these presents sell, transfer and deliver to the said J. G. Williams, all lumber that is to be manufactured on said yards, known as the Whitt & Shelton yards, which is now being logged on Upper Laurel, in Madison County, thereby giving the said J. G. Williams all the rights we have to sell or remove said lumber, with all our rights of ingress and egress to the same at each and every place where said lumber is situated, and giving to said J. G. Williams all rights that we have in regard to said lumber.

This the 10th day of January, 1896.

WILLIAM M. EDWARDS,
W. C. RAY.

Attest: W. A. SWAIN,
C. F. WILLIAMS.

Proved and registered 28th day of January, 1896, in Madison County.

Williams testified that at the time of the execution of the said bill of sale, the said defendants owed him four or five hundred dollars, and that the said bill of sale was given as security for what the defendants then owed him, and for advancements thereafter made. I agreed with Redman & Wilbar to release what interest I had in the Whitt yard for $250. I got $200 and there are $300 still due on the bill of sale. I notified Redman that I had a bill of sale on the said lumber.

W. C. Ray, one of the defendants, testifying for the interpleader, says: That the defendants owed said Williams $400 to $500 at time the said bill of sale was executed. That while the said bill of sale purported to be an absolute sale on its face, it was only given as a security for what the said defendants owed Williams and the advancements made to the defendants thereafter.

Two contracts were introduced by plaintiffs, Redman & Wilbar, one dated September 3, 1896, marked exhibit "*B,*" the other dated February 10, 1897, marked exhibit "*C,*" as follows:

## EXHIBIT "*B.*"

We agree to let Redman & Wilbar have the Shelton yard lumber according to contract and all the other lumber that we have logged to that yard. The Carter timber we, Redman and Wilbar, agree to furnish $100 worth of goods on the logging the Carter timber in— there will be 50,000 feet of the Carter timber. We are to pay for the Carter timber before the lumber is moved.

This September 3, 1896.

RAY & EDWARDS.

## EXHIBIT "*C.*"

MARSHALL, N. C., Feb. 10, 1897.

This is to certify that all the lumber that S. P. Peck sawed for us, and are to saw for us is in this contract to Redman and Wilbar, that he saws on the D. N. Shelton yard, and all the debt on the lumber is paid except for Boon timber and the Carter timber. This contract is for the shipping lumber. Ray & Edwards is to haul the lumber between now and Christmas. We are to get $4.50 per one thousand for hauling the lumber, to be paid by Redman & Wilbar every fifteen days, in cash, if we don't trade it out, and the hauling is to be charged to us out of the lumber.

RAY & EDWARDS.

Witness: J. C. WILBAR.

There were exceptions taken by the interpleader to the admission of evidence and to the Judge's charge, but from the view taken by the Court of the case, it becomes unnecessary to note them.

The jury found the first issue in the negative—against the interpleader, who moved for judgment "*non obstante veridicto*"—motion overruled, and he excepts. Judgment for plaintiffs and Williams, interpleader, appealed.

*Mr. J. M. Gudger, Jr.*, for interpleader (appellant).
*Mr. W. W. Zachary*, for plaintiffs.

FURCHES, J.: This is an action commenced by Redman & Wilbar against Ray & Edwards to recover a lot of sawed lumber. Their claim is based on two contracts of Ray & Edwards with plaintiffs—one of September 3, 1896 and the other of February 10, 1897. By leave of

court J. G. Williams was allowed to interplead in this action, and he claims that the lumber sued for belongs to him. He bases his claim on what he calls a bill of sale from Ray & Edwards, which is in the following terms:

"Know all men by these presents that we, W. M. Edwards and W. C. Ray of the County of Madison and State of North Carolina, for and in consideration of the sum of $500 in hand paid by J. G. Williams of the County of Buncombe, said State, do by these presents sell, transfer and deliver to the said J. G. Williams all lumber that is to be manufactured on said yards, known as the Whitt & Shelton yards, which is now logged on Upper Laurel in Madison County, thereby giving the said J. G. Williams all the rights we have to sell or re-move said lumber, with all our rights of ingress and egress to the same at each and every place where said lumber is situated, and giving to said J. G. Williams all rights that we have in regard to said lumber. This the 10th day of January, 1896." (Signed) William M. Edwards, W. C. Ray.

This instrument is prior in date to either of the con-tracts under which plaintiffs claim, and was *in form* probated and registered in Madison County before the date of plaintiff's contracts. But it was admitted by the interpleader Williams on the trial, and is stated in the case on appeal, that Ray and Edwards were indebted to Williams at the date of said contract in the sum of $400 or $500 and that he was furnishing them supplies to enable them to operate their business, and that the same was given to secure said past indebtedness, and also to secure further advancements that he might make to them.

The appellant Williams being an interpleader, the

only issue presented, so far as he is concerned, is as to whether he is the owner of the lumber sued for or not; and the burden of this issue—to show that he is—was upon him. *Wallace* v. *Robinson*, 100 N. C., 206; *Bank* v. *Furniture Co.*, 120 N. C., 475.

The instrument under which the interpleader claims title has no clause of defeasance, or conditions that show that it was a mortgage or security to Williams, and did not need to be registered. But it was shown and admitted that it was in fact intended as a security, and this fact not appearing in the instrument, it was incapable of being registered, and was "void as to creditors and subsequent purchasers." *Gulley* v. *Macey*, 84 N. C., 434; *Barnhardt* v. *Brown*, 122 N. C., 589.

It is probable that Williams' claim would be good as against Ray & Edwards, as a verbal mortgage may be good against the mortgagor of personal property.

Therefore, while no issue could be tried on this interplea, except as to Williams' title to the lumber, still, as he showed an apparent title as against Ray & Edwards, the original owners, and as plaintiffs also claimed to have derived their title from Ray & Edwards at a subsequent date to that of Williams' claim, this called in question their title. The plaintiffs are only entitled, as against Williams, upon the ground that they are "subsequent purchasers" from Ray & Edwards; and if their claim, apparently an unconditional sale, was in fact a mortgage—a security for debt, as Williams' bill is—they would have no title as against Williams, who is a "prior creditor," and who has a bill of sale, good as against Ray & Edwards, the debtors.

But so far as we can see from the evidence and from the statement of the case on appeal, it was shown that the sale to the plaintiffs was absolute in terms, and that

the plaintiffs had paid Ray & Edwards for the lumber. And no exception of the interpleader presents the question that it was not an absolute sale by Ray & Edwards to the plaintiffs, Redman & Wilbar.

The interpleader has some exceptions to the admission of evidence, also an exception to the first issue submitted by the Court, which is as follows: "Is the interpleader, J. G. Williams, the owner of the lumber described in this action?" which issue was answered in the negative. He also asked the Court to instruct the jury that upon the evidence the first issue should be answered "yes."

The exceptions have all been considered and none of them can be sustained.

Affirmed.