MAYNARD v. LIFE INSURANCE COMPANY OF VIRGINIA.

(Filed May 26, 1903.)

1. INSURANCE—*Life Insurance—Executors and Administrators—Assignments.*

   The administrator of a debtor on whose life a creditor has taken insurance can not contest the validity of the policy or its assignment by the creditors to a third party.

2. BURDEN OF PROOF—*Interpleader—Intervenor—Insurance—The Code, Sec. 189.*

   In an action on an insurance policy, an intervenor who claims the insurance has the burden of establishing his right thereto.

ACTION by C. G. Maynard against the Life Insurance Company of Virginia and McRackan, heard by Judge *W. R. Allen* and a jury, at February Term, 1903, of the Superior Court of ALAMANCE County. From a judgment for the plaintiff the defendant McRackan appealed.

*Boone, Bryant & Biggs,* for the plaintiff.
*Womack & Hayes* and *E. S. Parker, Jr.,* for defendant.

CLARK, C. J. In June 1870, Mills M. Walker being indebted to Eli Murray in the sum of $5,000, the latter took

out a policy of insurance on the life of said Walker in the sum of $5,000 payable to his heirs, executors and assigns and paid the premiums thereon till 1876, when he took in lieu a paid up policy for $1,214 payable to himself, heirs, executors and assigns at the death of said Walker. Murray died in 1876 and this policy was sold by his administrator together with other choses in action of the estate and was bought by plaintiff. On the death of Walker in 1902 the plaintiff filed proper proofs of death. The administrator of Walker notified the Insurance Company that he demanded payment of said policy and forbade payment to plaintiff. The plaintiff then brought action against the Insurance Company, averring the above facts in his complaint. The defendant Insurance Company filed no answer and controverted in no way the validity of the plaintiff's claim, but filed, as provided by The Code, Sec. 189, an affidavit as to the above stated action taken by the administrator of Walker, asked that he made a party and that it be allowed to pay into court the amount of said policy ($1,214), and be discharged from further liability. This motion was granted and the money was paid into court, the administrator of Walker was substituted as party defendant and the clerk was directed to hold the fund "to wait the final determination of this action between the plaintiff and the administrator of Walker." The answer of the administrator averred no payment by Walker, or by any one for him, of any of the premiums on said policy, or repayment of any premium paid by Murray, and the jury found that the debt due by Walker to Murray had never been paid.

The defenses set up by the administrator of Walker attacked the validity of the policy and the assignment thereof to the plaintiff. But these were defenses which could only be set up, if at all, by the insurance company. *Johnson v. Knights of Honor*, 53 Ark., 255, 8 L. R. A., 732. If the policy was

not valid, there would be no fund to litigate over; and if the assignment was invalid it in no wise concerned the administrator of Walker. *Burbage v. Windley,* 108 N. C., at p. 363; 12 L. R. A., 409.

The Insurance Company was satisfied that it legally owed the $1,214 to the owner of the policy, and, though the original defendant in the action, it has not denied that the holder and assignee thereof, the plaintiff, is the owner. The administrator of Walker has shown no possible claim upon the fund or interest in, or title thereto, and cannot be heard to object to the payment thereof to the assignee and holder of the policy. Though the order making Walker's administrator a party uses the word "substitute" the legal effect of such order is to make him an interpleader (The Code, Sec. 189), and in such cases the burden is always on him. *Wallace v. Robeson,* 100 N. C., 206; *Redman v. Ray,* 123 N. C., 502; *Cotton Mills v. Weil,* 129 N. C., 452. An interpleader is entitled to but one issue, "Does the fund belong to him?" The alleged invalidity of the plaintiff's claim, as against the Insurance Company, is no concern of his. *Bank v. Furniture Co.,* 120 N. C., and cases cited at bottom of page 477. The payment of the fund into court by the Insurance Company, in the suit by the plaintiff, without denying the plaintiff's complaint, is a payment for the plaintiff's use unless the court should find that the intervenor has the better title, and he has shown none.

The plaintiff shows the policy and its assignment to himself, the insurance company admits its liability on the policy, denies no allegation of the complaint and pays the money into court. The intervenor (Walker's administrator) shows no interest whatever in the fund, and has no right to object to the validity of a claim which the insurance company has admitted, or to assert the invalidity of the assignment of the policy to the plaintiff, for that cannot possibly concern him.

The plaintiff cites us to many authorities to sustain the valid-
ity of the policy and of its assignment.   Kerr on Insurance,
680 and cases there cited; *Steinback v. Diepenbrock,* 158 N.
Y., 24; 44 L. R. A., 417; 70 Am. St. Rep, 424; *Chamberlain
v. Butler,* (Neb.) 54 L. R. A., 338; *Ins. Co. v. Allen,* 138
Mass., 24, 52 Am. St. Rep., 245, and many others, but we
are not called upon to consider these points, since, as above
stated those matters can only be raised by the insurer.   The
claim of the intervenor has the merit of novelty—if that be a
merit.   He has shown no legal right and no equity.   In ad-
judging payment of the fund by the clerk to the plaintiff
and payment of costs by the intervening defendant, there
was

No   Error.