JOHN O. McKEEL, Administrator, v. HENRY HOLLOMAN.

(Filed 1 October, 1913.)

**1. Partition—Parties—Interpretation of Statutes.**

One who claims an undivided interest in lands in proceedings to sell them and divide the proceeds among tenants in com-

mon and to pay debts, etc., may be properly made a party to such proceedings. Revisal, secs. 410, 414, 76.

### 2. Partition—Tenants in Common—Burden of Proof.

One who has been made a party to proceedings to sell lands for the purpose of dividing the proceeds among tenants in common, and who claims an undivided interest in the lands, which is denied, has the burden of proof upon the issue of his alleged ownership; and may not recover in the absence of any sufficient evidence tending to establish it.

### 3. Trials—Leading Questions—Courts—Appeal and Error.

Leading questions asked on direct examination may be excluded by the trial judge, in his discretion, from which no appeal ordinarily lies.

### 4. Tenants in Common—Adverse Possession—Limitation of Actions.

The law raises a legal presumption of title in one who has been in adverse possession of lands, receiving the rents and profits for twenty years or more, which will bar the entry of another claiming an undivided interest therein as tenant in common; for the adverse occupancy of the lands puts the claimant to his action, and if continued for that time without any assertion of his right, it will be lost.

Appeal by defendants from *O. H. Allen, J.,* at May Term, 1913, of Greene.

This is a proceeding for the sale of land for partition and to pay the debts of the two original tenants in common out of the proceeds of sale, the balance to be divided among the tenants according to the several and respective interests. All parties have been duly brought into court by the service of process, as the court finds and adjudges in its order, 15 October, 1912. It was ascertained that one Henry Holloman claimed a one-third interest in the land, as heir to Nancy Holloman, daughter of himself and his wife, Rachel Holloman (formerly Rachel Evans), who was the daughter of John Evans and his wife, Harriet Evans (formerly Harriet McKeel), who was one of the original tenants in common. Henry Holloman's wife predeceased him.

The court, on motion, ordered that Henry Holloman be made a party, to the end that his claim might be determined and the land sold free from any claim upon the title. He was brought

in, and pleaded that he was owner of one-third of the land. The
court, thereupon, directed the following issue to be submitted
to the jury: "Has the defendant Henry Holloman any interest
in the land?" Under the instructions of the court, the jury
answered this issue in the negative. There was no objection to
the issue. Judgment on the verdict, and appeal by Henry Hollo-
man, the intervenor. The other facts are stated in the opinion
of the Court.

*Finch & Connor and L. V. Morrill for plaintiff.*
*George M. Lindsay and L. I. Moore for defendant.*

WALKER, J., after stating the case: . We find no error in the
record. The court properly ordered or permitted Henry Hollo-
man to be made a party. The Code provides that any person
may be made a party who has or claims an interest in the con-
troversy adverse to the plaintiff, or whose presence is necessary
to a complete determination or settlement of the questions in-
volved therein, and any person claiming title or right of posses-
sion to real estate may be made a party, as the case may require,
to any such action. Revisal, sec. 410. When a complete de-
termination of the matter cannot be had without the presence
of other parties, the court *must* cause them to be brought in.
Revisal, sec. 414. The power to make an adverse claimant a
party to proceedings for the sale of land for assets, as this is
in part, is expressly recognized. Revisal, sec. 76. It would be
strange if it were not so under our wise and liberal system of
procedure, which seeks to settle all controverted matters in one
action and without circumlocution; and further, it is better for
all parties concerned that it should be so, in an action of this
kind, in order that a good title to the land may be sold, as it will
secure a better price. The order being valid, the issue, submit-
ted without objection, both in form and substance necessarily
placed the burden of proof upon Henry Holloman, who asserted
his title and ownership to a one-third interest in the property,
and the judge ruled correctly in this respect. Holloman virtu-
ally admitted that plaintiffs had the other two-thirds interest,
and the whole, if he is not their cotenant; and the real question

was, whether they were entitled to the whole or to only two-thirds. Their proof tended to show and, at least, made out a *prima facie* case that they were entitled to all of it. One test by which to determine where the burden of proof rests has been said to be, which party would be successful, in law, if no evidence or no more evidence were given. *Amos v. Hughes*, 1 M. and Rob., 464. This Court has once adopted the rule laid down by Taylor, for it says in *Walker v. Carpenter*, 144 N. C., at p. 676; quoting from Bailey's Onus Probandi, p. 2: "In every mode of litigation an assertion of fact avails nothing without proof. Some party to it must commence by producing proof to sustain his allegation. The first rule laid down in the books on evidence is to the effect that the issue must be proved by the party who states an affirmative, not by the party who states a negative. Of course, such affirmative must be one in substance and not merely in form. An eminent writer on the law of evidence says: 'This rule of convenience, which in the Roman law is thus expressed, *Ei incumbit probatio, qui dicit, non qui negat,* has been adopted in practice, not because it is impossible to prove a negative, but because the negative does not admit of the direct and simple proof of which the affirmative is capable, and moreover, it is but reasonable and just that the party who relies upon the existence of a fact should be called upon to prove his own case.'" See, also, *Cox v. Lumber Co.*, 124 N. C., 78. Plaintiffs were owners of the property, according to the proof in the case, by reason of their continuous adverse possession for more than twenty years, unless Holloman was their cotenant. He alleged that he is the owner of one-third, and they denied it. It was, therefore, a claim by him to be let into possession of his one-third, from which they had ousted him, and practically an action of ejectment for that purpose, plaintiffs denying that he ever had any interest in the land. *Whitfield v. Boyd*, 158 N. C., 451; *Daniel v. Dixon, post,* 137. In this case Holloman is substantially an intervenor, asserting his right to one-third of the property, and has the affirmative of the issue as to the title. *Redmond v. Ray*, 123 N. C., 502; *Maynard v. Insurance Co.*, 132 N. C., 711; *Manufacturing Co. v. Tier-*

*ney,* 133 N. C., 630. He asserts title to one-third as tenant in common, and the other parties deny his right and plead sole seizin (*non tenent insimul*), and the case is thus brought within the principle of *Huneycutt v. Brooks,* 116 N. C., 788. The burden, according to the facts and circumstances as they appear and in any view of them, was upon Holloman.

As the burden was upon Holloman, he failed to show any title. He relied on the will of R. D. S. Dixon, but as the evidence by which he offered to show his interest, under the will, was properly excluded, there was nothing left upon which his claim could stand. There was no sufficient identification of the land described in the will. Some of the evidence rejected did not have sufficient probative force to show what land it was. There was no evidence that Dixon owned the land.

The undisputed evidence of plaintiffs shows that they are the owners of the land. If Holloman ever had any interest as tenant in common with them, he lost it by their adverse possession for more than twenty years, he admitting that he did not make any claim to be let into possession of his share, nor any demand for his share of the rents and profits within said time. *Dobbins v. Dobbins,* 141 N. C., 214.

It may be well to say before concluding, that the court had a discretion to exclude leading questions, and we will not review the ruling for that reason.

We may safely place our decision upon the single ground that the answer of Holloman shows that the title of his adversaries is not denied unless he is owner of one-third as tenant in common, and it further appears in the case that they have held possession of the premises adversely, and have been in the pernancy of the rents and profits for more than twenty years, title being out of the State, and he has taken no steps to recover possession of his alleged share, or his share of the rents and profits, within that time, although he had visited them occasionally. If they kept him out of possession of his share of the land and the rents, he was put to his action, and if not prosecuted within the twenty years, the law raised a legal presumption of title in those having the possession and barred his entry. *Dobbins v. Dobbins, supra;*

*Bullin v. Hancock,* 138 N. C., 198; *Whitaker v. Jenkins, ibid.,* 476. "The possession of one tenant in common is, in law, the possession of all the tenants in common. One may, however, disseize or oust the others, and from the time of such ouster the possession of him who keeps out the rest is not their possession, but is adverse to their claims of possession. The sole silent occupation by one of the entire property, without an account to or claim by the others, is not in law an ouster, nor furnishes evidence from which an ouster can be inferred, unless it has been continued for that length of time, which furnishes a legal presumption of the facts necessary to uphold an exclusive possession." If there were any technical errors in the rulings upon the evidence, the facts so plainly appear, and the legal inference thereupon is so well settled by the cases, that a reversal, if there was an error in the respects indicated, would be vain and useless. The Court would again reach the same result. We, therefore, sustain the judgment.

No error.