JOHN W. HILL v. JERRY PATILLO.

(Filed 9 April, 1924.)

**Pleadings—Judgment by Default—Intervener—Issues—Title—Right of Possession.**

A landlord, intervening in an action of the mortgagee of a crop raised by the tenant on the intervener's land and covered by the plaintiff's mortgage, is permitted only to raise the issue as to his superior lien over that of the mortgagee, and not required to be otherwise plead in the action; and when the intervener's motion is sufficient in this respect, C. S., 840, it is reversible error for the trial judge to render a judgment by default for the want of intervener's answer, the procedure, if desired, being to require the intervener to make his motion more specific, or file an answer to that effect.

APPEAL by A. W. Clark, intervener, from *Devin, J.,* at October Term, 1923, of ORANGE.

Civil action. The action is to enforce collection of a debt claimed by plaintiff against defendant, and secured by chattel mortgage in part on defendant's crop of corn and tobacco for the year 1920, the defendant being a tenant of A. W. Clark, intervener.

The summons was issued, and at the same time ancillary process of claim and delivery, on 22 November, 1922, and the crop in question seized and delivered to plaintiff. On 25 November A. W. Clark filed an affidavit in the cause as follows:

"A. W. Clark, being duly sworn, says that the above entitled action is brought by plaintiff to obtain possession of one automobile and the crop of corn and tobacco raised by the defendant during the year 1920 on lands of affiant, and that he, as landlord, is entitled to the possession of the crop of corn and tobacco in question until his claims for rent and advances to the said Jerry Patillo are satisfied, and he prays the court to be allowed to intervene and to set up his right to said crop of corn and tobacco.                                        A. W. CLARK."

HILL *v.* PATILLO.

Thereupon an order was entered allowing A. W. Clark to become party and set up any claims or defenses he may have on giving bond in the sum of $500, conditional to abide by and comply with the decision of the court that the crops be delivered to him. Under this order the crops were turned over to A. W. Clark and are now held by him.

Thereafter, on 3 December, 1920, plaintiff duly filed a verified complaint alleging an indebtedness of $600, and that same was ·secured by a chattel mortgage on defendant's crop for 1920, and that said sum was still due.

No answer having been filed by either Patillo or Clark, judgment by default was entered, which was later set aside as irregular. And at October term, as stated, judgment for want of answer was again entered against the intervener and the surety on his bond. Intervener Clark excepted, insisting on his right to a trial of the issue raised by his affidavit of ownership, and this being disallowed, he appealed.

*A. H. Graham for plaintiff.*
*Gattis & Gattis for interpleader.*

HOKE, J. In C. S., 840, it is provided that in proceedings of this character a third person may interplead upon filing an affidavit of his title and right to the possession of the property, stating the grounds of such right and title, and on filing a bond in double the value of the property for its proper delivery and the payment of any and all costs and damages that may be awarded against him, and on matters more directly relevant to the questions presented the section provides further that "A copy of this undertaking and accompanying affidavit shall be served by the sheriff on the plaintiff and defendant at least ten days before the return of the summons in the action, when the court trying it shall order a jury to be impaneled to inquire in whom is the right of property specified in plaintiff's complaint." ·

In such a proceeding the intervener is not called on or required, and indeed he is not permitted to question the validity of plaintiff's claim against defendant, nor to file any answer thereto which denies or tends to deny its validity. On the contrary, the intervener has himself become the actor in the suit and on authority is restricted to the issue whether his claim of right and title is superior to that of the original plaintiff. *Mitchell v. Tally,* 182 N. C., 683; *Maynard v. Ins. Co.,* 132 N. C., 711; *Cotton Mills v. Weil,* 129 N. C., 452.

As said by the present *Chief Justice* in *Maynard's case,* "An interpleader is entitled to but one issue, 'Does the fund belong to him?'" In *Weil's case* it is held, among other things, "An intervener has no

right to interfere in the action between the original parties, he being interested only in the title to the property."

This being the position approved by the decided cases, while it is always better for an intervener to set forth his claim with sufficient definiteness to apprise the original parties of its nature and extent, if the affidavit is sufficient for this purpose there is no reason why the issue raised therein may not be inquired of and determined by the jury, and the statute above referred to seems to provide that if the affidavit is sufficient to present the issue, this is all that is essential. Doubtless, as in other claims of this kind which a court is called on to investigate or determine, if a more extended statement is desirable, looking to a fuller settlement of all matters embraced within the issue, the court may order such statement to be made and require that a formal complaint be filed, but with an affidavit on file in the cause of the kind presented in this record, an issue of title is clearly raised, and it is in any event erroneous to enter judgment for plaintiff because the intervener has not filed an answer denying plaintiff's claim.

As said in some of the decisions cited, the intervener is not interested in such demand or the extent of it, and his affidavit being sufficient to raise an issue as to his own claim, it should have been submitted to and determined by the jury.

This will be certified that the issue raised by the affidavit be determined without prejudice to the right of the trial court to order a fuller statement as to the extent and amount of intervener's claim as landlord of the defendant.