Proceeding instituted upon petition filed before Clerk of Superior Court and heard in Superior Court upon appeal thereto by petitioner from adverse decision.
I. The petition alleges substantially these facts:
(1) On 13 March, 1909, one Mary Louisa Lutz, being the owner of a certain tract of land, in Perquimans County, North Carolina, upon which she resided together with her daughter, Noria A. Wood, wife of I. W. Wood, and also her foster son, Charles A. Daniel, alias Lutz, as members of her family, executed two deeds, by one of which, after reserving to herself a life estate therein, she conveyed a certain portion of said land to her said daughter for life, with remainder over as therein set forth, and by the other of which, after reserving to herself a life estate therein, she conveyed the remaining portion of said land to her said foster son, with remainder over as therein provided — the dividing line between the two portions running through the house in which she and they resided.
(2) That after the life estate of Mary Louisa Lutz had been terminated by her death, Noria A. Wood, the daughter, and Charles A. Daniel, the foster son, took possession of the respective portions so conveyed to them as above set forth, and continued to reside in the house on said lands, and in the year 1943, while they were the only inmates of the house, it was burned and their charred bodies and remains were found in the ashes and resultant debris — there being no knowledge or evidence as to which one survived, and no legal presumption suggestive thereof, and no provision in the deed to meet such contingency.
(3) That thereafter one W. D. Landing administered on the estate of Noria A. Wood, and the petitioner Geo. J. Spence qualified as administrator of Charles A. Daniel. *Page 19 
(4) That W. D. Landing as administrator of Noria A. Wood, deceased, filed a petition to sell the land of his intestate to make assets to pay debts, naming numerous persons as parties thereto, but not including the petitioner, administrator of Charles A. Daniel, or any of the heirs at law of Charles A. Daniel, and in the petition described as the lands of the intestate, Noria A. Wood, not only the portion of the land described in the deed to her, but the portion described in the deed to Charles A. Daniel, as above set forth, and in the due course of the proceedings all the lands so described were sold and the sale confirmed by the court, and the proceeds of sale turned over to W. D. Landing as administrator of the estate of Noria A. Wood, deceased, and he now holds same subject to the orders of the court.
(5) That no moneys or chattels or personal property has come into the hands of the petitioner Geo. J. Spence, administrator of Charles A. Daniel, and hence no inventory has been filed by him and he is unable to pay funeral expenses of his intestate, taxes, cost of administration, or any part of the indebtedness against the estate.
(6) That as the petitioner Geo. J. Spence is informed, believes, and alleges his intestate, Charles A. Daniel, died seized of the land described in the deed to him from Mary Louisa Lutz as above set forth, and same is of sufficient value to pay all of the indebtedness of the estate and a substantial sum to the heirs at law of his intestate, but that petitioner has filed no petition for a sale of said lands to make assets because of the adverse claim, and cloud on title as revealed in the said proceeding by W. D. Landing, as administrator of Noria A. Wood, deceased, and that under the facts and circumstances standing in the way of his filing and presenting such petition for sale, petitioner now "respectfully approaches this court by this report, petition and requesting, as its Trustee, to be advised and directed what procedure, if any, he should adopt to the end that the trust committed to him by this court should be faithfully and legally administered . . ."
(7) That though the sale of the land in the proceeding instituted by W. D. Landing, administrator of Noria A. Wood, as aforesaid, passed no title to the portion of the land described in the deed to Charles A. Daniel as aforesaid, the petitioner, "subject however to the opinion and authority of this court to whose advices and orders he stands subject, and subject also to the approval of the heirs at law of said Charles A. Daniel to be filed in writing in this cause, if made, ratifies the said sale and demands possession of that part of the fund accruing therefrom representing the relative value of the interest of Charles A. Daniel to the whole, . . . which said relative value he asks this court to determine in such manner as it may see fit to the end that the debts of the estate of his intestate may be paid and proper distribution made to the heirs *Page 20 
at law as in such cases made and provided by law," and that, to that end, the court issue an order to said Landing, administrator, directing him to withhold distribution of the fund, and that he show cause why an order should not be made directing him to pay same into this court to abide decision in the premises; and that the court "make such other and further orders as may be necessary to advise this petitioner of his rights and duties and determine and adjudge the rights, titles and interest of the grantees in each and both of the two deeds above set out and the creditors and the heirs at law of each of them in and to the funds so held by the aforesaid commissioner."
II. Thereupon under caption of "In re: W. D. Landing, Administrator of Noria A. Wood," the Clerk of Superior Court issued a citation to said Landing directing him to hold the funds paid into his hands as proceeds of sale of the lands as aforesaid until further orders of the court, and to make answer to the said report and petition of the said Geo. J. Spence, administrator of Charles A. Daniel.
III. W. D. Landing, administrator of Noria A. Wood, deceased, answering the said citation, in material aspects, denies: (a) That Charles A. Daniel died seized of the tract of land described in the deed to him from Mary Louisa Lutz, by which he was given only a life estate, with remainder upon a contingency, which under the admitted facts surrounding the deaths of Noria A. Wood and Charles A. Daniel, has never eventuated, or (b) that the facts alleged in said report or petition are sufficient in law or equity to sanction or support petitioner's invocation of the advisory power of the court. And, for further and separate answer and defense, said administrator says that, if the material allegations of said report and petition were true, which is denied, the petitioner in that event would have a plain, complete and adequate remedy at law in that in that event no title to the land or estate belonging to petitioner's intestate would have passed by respondent's sale to make assets, but would be now subject to a like sale by the petitioner, and to an action by the petitioner for the recovery of the possession of it.
IV. The Clerk of the Superior Court, on hearing upon the report and petition of Geo. J. Spence, administrator as aforesaid, and the answer filed by W. D. Landing, administrator of Noria A. Wood, deceased, being of opinion that, upon facts found, and substantially undisputed, the petitioner has shown no right to said fund or any right therein, denied the relief demanded, vacated the order directing W. D. Landing, administrator, to hold said fund, and dismissed the proceeding at the cost of petitioner, from which petitioner appealed to Judge of Superior Court holding the court of the First Judicial District.
V. The Judge of Superior Court, on hearing before him on such appeal, found facts, and entered judgment substantially the same as did the Clerk as above stated. *Page 21 
Petitioner appeals to Supreme Court and assigns error.
While appellant debates the question as to what estate Charles A. Daniel took under the deeds in question, viewed in the light of the fact that both grantees died instantaneously in a common disaster, the appellee appropriately interjects the question as to the jurisdiction of the court over the subject matter of, and parties to this proceeding. The challenge to jurisdiction is not upon the ground that the jurisdiction of the Superior Court is derivative and consequently fails for lack of jurisdiction in the Clerk, but that the Superior Court would have been without jurisdiction to entertain the proceeding if it had been instituted originally in that court. These authorities, upon which the appellee relies, support his contention: McIntosh in N.C. P. P., page 68;Alsbrook v. Reid, 89 N.C. 151; Perkins v. Caldwell, 77 N.C. 433;Balsley v. Balsley, 116 N.C. 472, 21 S.E. 954; Moore v. Rankin,172 N.C. 599, 90 S.E. 759.
The petitioner invokes the aid, and seeks the advice of a court of equity, when the questions involved are questions of law, regarding which an adequate remedy at law is provided. And a court of equity will not lend its aid in any case where the party seeking it has a full and complete remedy at law. Moore v. Rankin, supra. The deeds in question convey legal estates. The construction of them presents purely legal questions, and the statutes relating to proceeding to sell land to make assets to pay debts, G.S., 28-81, et seq., prescribe a full, complete and adequate remedy at law by which the petitioner as administrator of Charles A. Daniel, upon compliance with the provisions of the statute, may reach land of which his intestate died seized. To such proceeding the heirs at law of the intestate are necessary parties, G.S., 28-87, and where, as here, the land is claimed by another, such claimant may be admitted to be heard as a party to the proceeding or may be brought in as a party thereto. G.S., 28-88.McKeel v. Holloman, 163 N.C. 132, 79 S.E. 445. And when an issue of law or fact is joined between the parties, the course of procedure shall be as prescribed in such cases for other special proceedings. G.S., 28-89.
The record discloses that neither the petitioner nor the heirs of Charles A. Daniel were parties to the proceeding instituted by the administrator of Noria A. Wood for the purpose of selling land to make assets to pay her debts. Hence, they are in no respect bound or prejudiced by the judgment therein rendered.
The action is
Dismissed. *Page 22